THE TRAVELERS' INSURANCE COMPANY

*v.*

HELEN B. M. PULLING.

*Filed at Ottawa October 11, 1895—Rehearing denied March 10, 1896.*

1. INSURANCE—*premium note payable on demand—what is a default.*
A policy of insurance conditioned to cease and determine if any note given for premium is not paid at maturity, remains binding upon the company notwithstanding non-payment of a note payable on demand, in the absence of any demand by the company.

2. SAME—*refusal to accept premium excuses future offers of payment.*
A policyholder who makes repeated attempts to pay his premium and a note given for a previous premium is not bound to give notice to the company that its attempted forfeiture of the policy is insufficient, where the company refuses to accept such payment and notifies him that no money will be received.

3. APPEALS AND ERRORS—*when findings of Appellate Court are final.*
A finding of facts by the Appellate Court different from those found by the circuit court, under the statute, (Hurd's Stat. chap. 110, sec. 88,) is final and conclusive on appeal to the Supreme Court.

4. SAME—*evidence of facts need not be set out in final order.* To render a finding of facts by the Appellate Court final, it is not necessary that the evidence of subordinate facts be set out in the final order, but only the ultimate facts found.

5. EVIDENCE—*what proves readiness to pay premium.* Averments of a declaration upon an insurance policy that the insured was ever ready, willing and able to pay installments of premium, are sufficiently proved by evidence that offers to pay were made until plaintiff was notified that no money would thereafter be received.

*Pulling* v. *Travelers' Ins. Co.* 55 Ill. App. 452, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

On the 15th day of January, 1873, Howell G. Pulling took out a policy of life insurance in the Travelers' Insurance Company of Hartford, Connecticut, on the ordinary life plan, insuring his life in the sum of $10,000, which, by the terms of the policy, was made payable to

his wife, Helen B. M. Pulling. The annual premium was $186, but it was payable, as provided in the policy, in semi-annual payments of $95.79 each, on the 15th days of January and July. It was provided in condition 3 of the policy, "that if any subsequent premium on this policy or any installments thereof, or any note given for premium or any part thereof, shall not be paid on or before the day specified for the payment of the same, then this policy shall cease and determine." The insured paid to John H. Nolan, of Chicago, general agent of appellant, all premiums as they became due by the terms of the policy, up to and including January 15, 1880, amounting, in the aggregate, to $1436.85, and Nolan countersigned and delivered premium receipts for said payments. It was also provided in the third condition of the policy as follows: "That no premium hereon shall be considered as paid unless a receipt shall be given therefor, signed by the president or secretary of the company." A similar provision is contained in the notice to the policyholder endorsed on the back of the policy.

On the 15th day of July, 1880, when the semi-annual installment of premium became due on the policy, the insurance company, through its local general agent at Chicago, accepted a demand note of Pulling for such installment of premium, and $25.75 due on the policy of accident insurance of Pulling was added into and became a part of the consideration of said note, which note is as follows:

"$121.54.          CHICAGO, ILL., *July 15, 1880.*

"On demand, after date, I promise to pay to the order of the Travelers' Insurance Company of Hartford, Connecticut, one hundred and twenty-one 54-100 dollars, at 177 LaSalle street, for value received. It is expressly stipulated that payment in full of this note at its maturity is absolutely essential to the renewal of this policy No. 15,804, and that in case this note is not paid at ma-

turity, the said The Travelers' Insurance Company shall be wholly released from any claim or demand whatever on said policy, and the same shall become null, void and of no effect.

H. G. PULLING."

Upon accepting the note, and as a part of the transaction, the appellant delivered its properly executed premium receipt, which is as follows:

"Received one hundred and twenty-one 54-100 dollars, continuing in force policy No. 15,804, with indemnity contract thereto attached, on life of Howell G. Pulling, for six months from the 15th day of July, 1880.

RODNEY DENNIS, *Secretary.*

"Countersigned at Chicago this 15th day of July, 1880.

J. H. NOLAN, *General Agent.*"

On the 14th day of January, 1881, the day before the next semi-annual premium became due, Pulling, being absent from Chicago, arranged with John Platner to pay the premium and also the note which had previously been executed. Platner, on January 14, 1881, informed Nolan that on the next day he would pay the installments of premium then due on the life of Pulling, and would also pay the note given by Pulling on July 15, 1880, but Nolan informed Platner that he need not then or thereafter bring any money for that purpose; that Pulling owed appellant nothing, and that said policy was canceled and forfeited, but gave no reasons therefor. On the next day Platner went to the office of said agent at Chicago with sufficient money to pay the premium and take up said note and interest, and then and there offered to pay the agent said premium and said note, but the agent then and there refused to accept such payment and refused to give the premium receipt, and told Platner that Pulling owed the company nothing, and that no payment would then or thereafter be accepted on said policy or on said note, and that said policy was canceled and forfeited.

Platner would have paid said premium and note had not said agent declared the policy canceled and forfeited, and prevented the performance of said contract by and on behalf of appellee.

On July 15, 1881, Pulling, in company with Bernhard Moos, went to the office of appellant at Chicago with $375 in money, and then and there offered to pay Nolan, the general agent, the demand note given July 15, 1880, and the interest thereon, and the premium due January 15, 1881, and interest, and the premium due July 15, 1881, and produced the money and offered to pay said note and premiums and interest. The agent of the company refused to accept such payment, and declared to Pulling that said policy had become canceled and forfeited, and that Pulling need not bring in any money, as no money would be accepted.

On January 13, 1890, Pulling died. Proofs of death were furnished, and this action was brought to recover the amount of the policy, less the unpaid premiums which the company had refused to receive. In the circuit court a jury was waived and a trial had before the court, which resulted in a judgment in favor of the insurance company. The plaintiff appealed to the Appellate Court, where the judgment of the circuit court was reversed and a judgment entered against the insurance company for $8936.15, —the amount of the policy after deducting the unpaid premiums.

C. C. BONNEY, and LYMAN M. PAINE, for appellant.

ST. JOHN, FRENCH & MERRIAM, for appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

It will be observed that the note executed on the 15th day of July, 1880, for the semi-annual premium due on that date, was made payable on demand, after date, and it is insisted on behalf of the insurance company that

during the next two weeks after the note was executed a demand of payment was made and payment refused, and upon such demand and refusal the policy became forfeited, and no action could thereafter be maintained upon it. As has been seen from the foregoing statement of facts, the policy provided that if any subsequent premium on the policy or any installment thereof, or any note given for premium or any part thereof, should not be paid on or before the day specified for the payment of the same, the policy should cease and determine. The note executed for the premium, being payable on demand, could not be regarded as matured, for the purpose of a forfeiture, except by a demand of payment from the maker. Indeed, it is conceded in the argument that the insurance company was bound to establish a demand of payment of the note before it could rely upon a forfeiture of the policy for a non-payment of premium when due, as provided in the policy. The circuit court found that there was a demand of payment of the note, but the Appellate Court found otherwise and incorporated its finding in the final judgment. There was but one witness called in the circuit court to establish a demand. The Appellate Court recites the evidence of this witness in its final judgment, and then concludes its finding as follows: "That such evidence does not tend to prove with the necessary particularity a demand by appellee for payment of the note, and therefore it is to be assumed that no such demand was in fact made." The first question to be determined is, what effect is to be given to this finding of fact incorporated in the judgment of the Appellate Court? Is the finding final and conclusive, or is it open to review on appeal?

Section 88, chapter 110, of Hurd's Statutes, provides: "If any final determination of any cause, as specified in the preceding sections, shall be made by the Appellate Court, as the result, wholly or in part, of the finding of the facts concerning the matter in controversy different

from the finding of the court from which such cause was brought by appeal or writ of error, it shall be the duty of such Appellate Court to recite in its final order, judgment or decree the facts as found, and the judgment of the Appellate Court shall be final and conclusive as to all matters of fact in controversy in such cause."

The construction of this statute has been before us in a number of cases, and it has been uniformly held, that where the Appellate Court finds the facts different from the circuit court, and incorporates the facts as found in its final judgment, such finding is final and conclusive. (*Siddall* v. *Jansen*, 143 Ill. 537, and cases there cited.) In *Brown* v. *City of Aurora*, 109 Ill. 165, the question arose in regard to what constituted a proper finding of fact under the statute, and it was held that the Appellate Court was not required to incorporate or set out the evidence in its judgment, but the finding of facts contemplated is the finding of the ultimate fact or facts upon the existence or non-existence of which, as set up in the pleadings in the cause, the rights of the parties depend. It does not mean that the Appellate Court shall find what was the evidence of these facts, or that it shall find those merely subordinate or evidentiary facts which, when established, contribute to the establishment of the ultimate fact which must exist in order to sustain the alleged cause of action or defense.

Under the rule laid down in the case last cited it was not necessary for the Appellate Court to set out the evidence introduced on the trial bearing upon the question of demand, and the evidence thus set out may be disregarded and rejected. The ultimate facts found are only required to be incorporated in the judgment, and they alone are to be considered in the decision of the case on appeal. The Appellate Court found that no demand was made. Under the statute that finding is conclusive on this court. It therefore follows that the policy was binding on the insurance company.

It is said in the argument that the policyholder never gave any notice to the insurance company that the attempted forfeiture of the policy was insufficient, and the want of such notice is fatal to plaintiff's claim. It will be observed that the renewal receipt executed by the company on July 15, 1880, continued in force the policy for six months from that date. If payment of the note executed on the same day was not sooner demanded under this receipt there would be no default until January 15, 1881. In order to comply with the terms of the policy, on January 14, 1881, the policyholder notified the company that he would pay the note and the premium on the next day, and on that day the money was tendered to the company and refused. Again, on July 15, 1881, the policyholder offered to pay the note and interest and the premiums then due, but payment was again refused, and notice given by the company that Pulling need not bring any more money as no money would be accepted. After these repeated efforts to pay, and the refusal of the company to accept payment, and the notice that no money would in the future be received from Pulling, he was under no obligation to make any further efforts to pay premiums or give notice that the forfeiture was insufficient. He had done all that could be required, and his silence thereafter did not impair his rights under the policy.

It is also said the averments of the declaration that Howell G. Pulling was ever ready, willing and able to pay further installments of premium were not proven. As has been seen, offers of payment of premiums were made to the company, but Pulling was notified that no money would then or thereafter be received. This may be regarded as sufficient.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*