HENRY D. LAUGHLIN, Plaintiff in Error, *vs.* CHARLES H. NORTON *et al.* Defendants in Error.

*Opinion filed April 22, 1915.*

1. APPEALS AND ERRORS—*duty of Appellate Court to make finding of facts.* Whenever the Appellate Court reverses a judgment without remanding the cause for a new trial and enters final judgment, if the judgment is the result, wholly or in part, of finding the facts concerning the matter in controversy different from the finding of the trial court, the Appellate Court must recite in its finding, order, judgment or decree the facts as found, and the facts as so found and incorporated in the judgment are conclusive in the Supreme Court on appeal or writ of error.

2. SAME—*Appellate Court must make finding concerning every material issue.* To sustain a judgment of the Appellate Court reversing a judgment with a finding of facts without remanding the cause, the court must make a finding of fact upon every material issue upon which the rights of the parties depend; but if there is any material fact in controversy concerning which there is no finding it will be presumed the Appellate Court found that fact the same as the trial court.

3. SAME—*what necessary to make a finding of facts sufficient.* The finding of facts contemplated by the statute is a finding of the ultimate fact or facts upon the existence or non-existence of which the rights of the parties depend and does not consist of a recital of the evidence, but to be sufficient it must be such that the Supreme Court can determine whether the law was properly applied by the Appellate Court to the facts as found.

4. SAME—*when finding of facts is not sufficient.* If the rights of the parties in an action to recover money do not depend upon any single fact but upon several, including the facts whether certain advancements of money were loans and whether payments were made and contracts performed, a mere finding as to the ultimate fact whether the defendants are indebted to the plaintiff or the plaintiff is indebted to the defendants is not sufficient.

5. SAME—*statement of facts in Appellate Court opinion does not supplement the finding of facts in the judgment.* The statement of facts contained in the discussion of the evidence in the opinion of the Appellate Court is not the recital of facts contemplated by the statute, and the opinion cannot be resorted to. to aid or supplement the findings in the judgment.

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding.

ELIAS H. HENDERSON, and HEBEL & HAFT, (CHARLES M. HAFT, of counsel,) for plaintiff in error.

CASTLE, WILLIAMS, LONG & CASTLE, and MIGHELL, GUNSUL & ALLEN, for defendants in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Henry D. Laughlin, plaintiff in error, sued Charles H. Norton and Henry P. Norton, defendants in error, in the municipal court of Chicago, and on a trial by the court without a jury recovered a judgment for $1895.20. The defendants appealed to the Appellate Court for the First District, and that court reversed the judgment of the mu-

nicipal court, made and entered of record a finding of facts as a part of its judgment, and rendered a judgment against the plaintiff for $3210.28. A writ of *certiorari* for the purpose of reviewing the judgment of the Appellate Court was awarded, and it is assigned for error that the Appellate Court erred in reversing the judgment of the municipal court and that the finding of facts is insufficient to sustain the judgment.

Whenever the Appellate Court reverses a judgment without remanding the cause for a new trial and enters final judgment, if the judgment is the result, wholly or in part, of finding the facts concerning the matter in controversy different from the finding of the trial court, the statute requires the Appellate Court to recite in its finding, order, judgment or decree the facts as found, and the facts as so found and incorporated in the judgment are conclusive in this court on appeal or error. If there is any material fact in controversy concerning which there is no finding, it will be presumed that the Appellate Court found the facts the same as the trial court. (*Hayes* v. *Massachusetts Mutual Life Ins. Co.* 125 Ill. 626; *Coverdale* v. *Royal Arcanum,* 193 id. 91; *Sellers* v. *Thomas,* 185 id. 384.) To sustain its judgment the Appellate Court must make a finding of fact concerning every material issue upon which the rights of the parties depend. *Commercial Ins. Co.* v. *Scammon,* 123 Ill. 601; *Neer* v. *Illinois Central Railroad Co.* 138 id. 29; *Hawk* v. *Chicago, Burlington and Northern Railroad Co.* id. 37; *Morris* v. *Wibaux,* 159 id. 627.

Looking to the pleadings to see what issues were formed thereby and to the bill of exceptions to ascertain what facts were controverted at the trial, we find the following: The plaintiff filed as his claim the common counts, with a bill of particulars of three loans made by him to the defendants: one for $1891.95, made on January 18, 1905; another for $1125.81, made on October 30, 1905;

and another for $1000, made on May 21, 1907. His claim was for the amount of the said loans, with interest. The defendants filed a claim of set-off of two items: one of $2046.82 agreed to be paid by a contract of May 6, 1905, with interest from that date, and the other of $1251.35, agreed to be paid by a contract of October 31, 1905, with interest from April 31, 1906. The defendants gave credit to the plaintiff for the item of $1000 mentioned in the bill of particulars as loaned on May 21, 1907, with interest thereon. The plaintiff filed an affidavit of merits to the claim of set-off, in which he did not dispute the item of $2046.82, which he agreed to pay by the contract of May 6, 1905, but alleged that he was entitled to a credit of $1891.95, mentioned in his bill of particulars as a payment upon the same. The affidavit alleged that the defendants did not perform their contract of October 31, 1905, in which he agreed to pay them $1251.35, and that he did not waive any of the covenants or conditions of the agreement, so that they were not entitled to set off that sum of money. The issues formed by the pleadings were whether the $1891.95 loaned to the defendants on January 18, 1905, should be credited as a payment on the contract of May 6, 1905, and whether the defendants had performed their contract of October 31, 1905, or performance had been waived by plaintiff, so that he was bound to pay the $1251.35 stipulated in that contract, with the interest.

At the trial there was no dispute of the fact that the loans were made by the plaintiff as stated in the bill of particulars, and there was no controversy respecting the agreement of the plaintiff to pay the defendants $2046.82, as stated in the claim of set-off. The plaintiff proved the contract dated May 6, 1905, by which he agreed to pay the defendants the said sum of $2046.82, with interest at five per cent, and they agreed to assign to him a contract, known as No. 530, which they held with the North Wis-

consin Lumber Company for 1023.41 acres of land. The plaintiff admitted that he had received title to the lands and that the contract had been performed. The controversy relating to that contract was whether the $1891.95 which the plaintiff had loaned to the defendants on January 18, 1905, was to be treated as a payment on the said sum of $2046.82. The contract of January 18, 1905, was also offered in evidence by the plaintiff, and it recited that he had loaned to the defendants $1891.95 to make a payment on the contract held by defendants with the North Wisconsin Lumber Company for the purchase of the lands and taxes due on the lands. By that agreement the contract of purchase was assigned to the plaintiff as security for the loan and for any further advances he might make, with interest, and it contained an option to the plaintiff to pay future payments and $2046.82 and release his claim for the money loaned and take title to the land. The contract of May 6, 1905, contained nothing relating to the loan of the money or the release of the plaintiff's claim for it and was on its face an entirely independent contract, by which the plaintiff was to have the land for the sum of $2046.82, which he promised to pay the defendants, and the assumption of deferred payments to the vendor. The defendants offered testimony tending to prove an oral understanding at the time the contract of May 6, 1905, was executed, that it was intended as an exercise of the option mentioned in the previous contract and that he was to treat the loan as paid. The court struck out this testimony because it was an attempt to change the written contract, but afterward admitted it, to be considered for what it was worth but not for the purpose of in any way changing the contract of May 6, 1905. The plaintiff disputed the making of any oral agreement or the existence of any understanding that the loan was released or the contract of May 6, 1905, in any way affected by any oral agreement. There was a controversy about the $1251.35 which the plaintiff

agreed to pay by the contract of October 31, 1905, and the defendants offered in evidence that contract to sustain their claim of set-off. By it the defendants agreed to assign the contract held by them, known as No. 527, with the North Wisconsin Lumber Company for the purchase of different lands from those described in the other contracts, and agreed to procure the consent of the North Wisconsin Lumber Company to the transfer, and the confirmation by another corporation and its shareholders, by deed in due form, of such transfer. The plaintiff on his part agreed to pay $1251.35 on or before six months from the date of the contract, with interest after maturity. The consent of the North Wisconsin Lumber Company to the assignment of the contract was not obtained, and the defendants claimed that the plaintiff waived that condition of the contract and agreed to attend to that matter himself. The plaintiff denied that any such agreement was made or that he had waived any condition of the contract. The loan of $1000 to the defendants was credited in the set-off, and, of course, was not in dispute. Concerning the loan of $1125.81, the plaintiff testified that Charles H. Norton applied to him for the loan; that they were negotiating for the contract of October 31, 1905, and he let him have the money, with the agreement that it was a loan in case the contract was not consummated, or upon account of the contract if it was consummated later. The attorney for defendants testified that they were negotiating about the contract, and the check for the money was given to him on the day the contract of October 31, 1905, was made.

The court made a finding of facts that the $1891.95 was a loan; that the defendants had failed to prove payment; that the plaintiff advanced $1125.81 on the contract of October 31, 1905; that said contract was not fulfilled by the defendants; that the loan of $1000 was to apply on that contract if it was ever completed; that the plaintiff was entitled to interest on the $1891.95, amounting to

$717, but was not entitled to interest on the other sums, making a total of $4735.12. As against this amount the court found the defendants were entitled to a credit of $2046.82 named in the contract of May 6, 1905, with interest, making a total of $2839.92 and leaving a balance of $1895.20 due plaintiff, for which judgment was rendered.

The finding of facts by the Appellate Court was as follows: "That by a contract entered into on May 6, 1905, the appellee, Henry D. Laughlin, agreed to pay appellants $2046.82, and that said Laughlin has failed to make such payment; that said Laughlin, by a contract entered into on October 31, 1905, agreed to pay appellants the further sum of $1251.35 upon the performance by appellants of said last mentioned contract, and that the appellants performed and carried out said contract of October 31, 1905, except in the matter of the procurement of the consent of the North Wisconsin Lumber Company to the assignment thereof to said Laughlin; that the procurement of the consent of said lumber company by appellants was waived by said Laughlin, who agreed to pay said sum of $1251.35 to appellants; that the total amount of said sums so agreed to be paid by said Laughlin to said appellants, with legal interest, amounts to $4487.36; that said Laughlin paid appellants the sum of $1000 on May 21, 1907, on the contract of October 31, 1905, and that said payment, with legal interest thereon, amounting to $1277.08, should be credited to said Laughlin on said sum of $4487.36, which leaves a balance of $3210.28 due from said Laughlin to appellants."

The Appellate Court did not find differently from the trial court in respect to the debt of $2046.82 or the loans of $1891.95, $1125.81 and $1000, and could not have done so, as they were not in dispute between the parties either by the pleadings or on the trial. (*Iroquois Furnace Co.* v. *Elphicke & Co.* 200 Ill. 411.) There was no disagreement at the trial concerning the fact that the plaintiff was to

pay $1251.35 upon the performance by the defendants of the contract of October 31, 1905, but the trial court held that the contract was not fulfilled by the defendants, and ruled, as a matter of law, that the testimony of an oral agreement was not competent to change the contract, while the Appellate Court took a different view of the law, considered the testimony and decided that the condition for procuring the consent was thereby waived by the plaintiff. The trial court found that the plaintiff was entitled to the loan of $1891.95 with interest and the loan of $1125.81 without interest, and the Appellate Court made no finding whatever concerning either. No one contradicted the testimony of the plaintiff that the loan of $1125.81 was to apply on the contract if one should be made, but the Appellate Court took no account of it and found nothing about it. As the Appellate Court made no finding concerning either of those loans the presumption is that such findings were the same as those of the trial court, and on that presumption the judgment of the Appellate Court is wrong.

The finding of facts contemplated by the statute is a finding of the ultimate fact or facts upon the existence or non-existence of which the rights of the parties depend and does not consist of a recital of the evidence by which the facts were proved. (*Travelers' Ins. Co.* v. *Pulling,* 159 Ill. 603; *Purcell Co.* v. *Sage,* 189 id. 79; *Davis* v. *Chicago Edison Co.* 195 id. 31; *Hogan* v. *Chicago and Alton Railroad Co.* 202 id. 206; *Martin* v. *Martin,* 212 id. 301; *National Life Ins. Co.* v. *Metropolitan Life Ins. Co.* 226 id. 102; *Kehoe* v. *Field & Co.* 237 id. 470; *Delta Bag Co.* v. *Kearns,* 253 id. 365; *Donaldson* v. *Village of Dieterich,* 247 id. 522.) It is argued that under this rule the finding of the Appellate Court is sufficient, because the ultimate fact in controversy between the parties was whether the plaintiff was indebted to the defendants or the defendants to the plaintiff. That is not so, for while the finding of fact is conclusive it must be such that this court can

determine whether the law was properly applied by the Appellate Court to the facts as found, so that the judgment of that court was a necessary and legal result of the facts found. The finding that one party was indebted to another, and in what sum, would be no more than the finding of a jury for one party or another and assessing the damages, and it would preclude any review in this court. In *Tibballs* v. *Libby,* 97 Ill. 552, the court established the rule that the facts found by the Appellate Court should be set out by way of a recital in the final judgment or order of the court, in the same manner they are usually set forth and recited in decrees in chancery. That rule was repeated in *Neer* v. *Illinois Central Railroad Co. supra,* and *Caywood* v. *Farrell,* 175 Ill. 480. In *Purcell Co.* v. *Sage,* 192 Ill. 197, it was considered insufficient to find that Sage & Co. were not in default and that the Purcell Company was in default, as such statements were not findings of fact to which this court might apply the law. This court said that the statements would deprive the Purcell Company of the right to have the court consider whether the law applicable to the facts upon which the Appellate Court acted warranted the judgment of that court, and that the Appellate Court should have recited the ultimate facts which constituted the default of the Purcell Company and the facts which constituted compliance with the terms of the contract on the part of Sage & Co. There may be a single fact which is a necessary element of a recovery, such as the exercise of due care by the plaintiff or negligence on the part of the defendant, and the finding of that fact is conclusive and sufficient. (*Rogers* v. *Chicago, Burlington and Quincy Railroad Co.* 117 Ill. 115; *Craver* v. *Acme Harvester Co.* 209 id. 483; *Schaller* v. *Independent Brewing Ass'n,* 225 id. 492; *Berkowitz* v. *Chicago Terminal Railroad Co.* 234 id. 450; *Bartlett* v. *Lumaghi Coal Co.* 237 id. 372; *Peterson* v. *Sears, Roebuck & Co.* 242 id. 38; *Nawrocki* v. *Chicago City Railway Co.* 248 id.

101.) So, also, in an action for fraud a finding that the evidence did not show fraud is sufficient, because it is not necessary to recite the evidence. (*Hayes* v. *Massachusetts Mutual Life Ins. Co. supra.*) In this case there was no single fact on 'which the rights of either party depended, and while it is not necessary to recite the evidence that a loan was made or paid, it is necessary to recite the ultimate fact of a loan or payment.

There is a discussion of the evidence in the ' opinion where the Appellate Court gives reasons for reversing the judgment, but that is not a compliance with the statute. The statement of facts contained in the opinion is not the recital of facts required by the statute, and the opinion can not be resorted to to aid or supplement the findings in the judgment. (*Coalfield Co.* v. *Peck,* 98 Ill. 139; *Cummins* v. *Holmes,* 109 id. 15; *Centennial Nat. Bank* v. *Farrell,* 166 id. 513; *Aachen and Munich Fire Ins. Co.* v. *Crawford,* 199 id. 367; *Martin* v. *Martin,* 202 id. 382.) The finding of facts in this case is insufficient to sustain the judgment of the Appellate Court because it does not find all the facts in controversy but omits any finding as to part of them, and is therefore presumed to have found them the same as the trial court.

The judgment of the Appellate Court is reversed and the cause is remanded to that court, with directions either to affirm the judgment, or if there was error in matter of law requiring a reversal which can be corrected on another trial, to remand the cause in order that the error may be corrected, or if final judgment is entered, the facts found differently from the facts as found by the municipal court shall be incorporated in the judgment.

<em>Reversed and remanded, with directions.</em>