RACHEL OWENS, ADMINISTRATRIX, v. NORTH STATE LIFE
INSURANCE COMPANY ET AL.

(Filed 18 April, 1917.)

**1. Insurance, Life—Premium Notes—Payment—Stipulations.**

The stipulation on the form of note given for a premium of life insurance that the policy shall be void if the note is not paid at maturity is a valid one, and a recovery on the policy contract will be denied when the note has not been paid accordingly, unless the insurer has waived this provision.

**2. Insurance, Life—Premium Notes—Interest.**

A premium note for life insurance at 6 per cent interest draws that rate from its date unless otherwise specified (Rev., sec. 1915).

**3. Same—Tender—Grounds for Refusal.**

Where the money for the face value of a premium note without interest from its date has been tendered the insurer, before maturity, who refuses to receive it, stating that the insured, who was then sick, must first get well enough to come and arrange it himself, the failure to tender the interest on the note as well as the principal will not avail as a defense for the insurer, in an action against it upon the policy since matured by the death of the insured, the refusal being based upon an entirely different statement.

**4. Insurance, Life—Forfeiture—Premium Notes—Tender—Judgments — Deduction.**

A valid tender made for the payment of a premium note for life insurance before its maturity is for the purpose of saving a forfeiture, and when refused by the insurer it is not required to be kept good *pro hac vice*, in the sense that the money must always be ready and available, as in cases where the stopping of interest or court costs, etc., are involved; and it is sufficient if the principal of the note and proper interest is deducted from the amount of the recovery on the policy in the Superior Court.

**5. Judgments—Verdict—Interpretation — Insurance, Life — Premium Note—Tender.**

While the verdict of the jury must, as a general rule, establish the facts required to support the judgment, it may be interpreted and allowed significance by reference to the pleadings, testimony, and charge of the court; and where upon an issue as to tender of payment for a premium note for life insurance the jury has responded "Yes," and in the principal sum of the note, leaving off 65 cents interest, and in applying the principle referred to: *Held*, the verdict was sufficient to support a judgment in the plaintiff's favor, especially as the issue was inadvertently answered under the direction of the court.

**6. Insurance, Life—Forfeiture—Notes—Statutes.**

*Semble*, our statute, Gregory's Supplement, 4779a, would prevent a forfeiture under a life insurance policy, within a year, under the circumstances of this case.

CIVIL ACTION, tried before *Winston, J.,* and a jury at October Term, 1916, of CUMBERLAND.

The action was to recover the amount of an insurance policy for $1,000 issued by the company on James Holiday Owens, husband of administratrix. It was proved or admitted that such a policy was issued on 23 August, 1915, the company taking a note for premium, $42.37, payable 1 November, 1915, said note containing the specification, "at the rate of 6 per cent per annum," and the stipulation, further, that the policy should become "null and void" if the note was not paid at maturity. That payment of the note had been postponed by agreement to 1 December, 1915; that in latter part of November, 1915, the insured was taken ill with pneumonia, and died therefrom on 6 December, 1915.

Plaintiff alleged and testified that about 1 December, 1915, or just before, by direction of her husband, she brought the money for the premium note to the officers of the company and offered to pay same to the general manager, telling him that her husband was sick at home at the time; that the officer refused to receive the money, saying that "her husband would have to wait till he got well and come and see about it himself, etc., and witness then put the money in one of the banks of the city. There was evidence also offered to show that there was a deposit in the bank for James Holiday Owens of $70 on 27 November, 1915.

Defendant company denied liability, claiming that the policy was forfeited by reason of nonpayment of the premium note, and in support of the plea the manager testified that plaintiff had never made any tender of this $42.37 nor had ever been to his office when he was there, and that she had never seen him at any time before the trial.

On issues submitted the jury rendered the following verdict:

Did Rachel Owens, for her husband, James Holiday Owens, tender to the defendant company or to its agents prior to 1 December, 1915, any sum of money in payment of the premium note due 1 December, 1915; and if so, what sum did she tender? Answer: "Yes; $42.37."

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

HOKE, J. Both the policy and the premium note contain the provision that the contract of insurance shall be null and void unless the premium note is paid, and our cases hold that such a stipulation is valid, and unless the note is paid as promised, or the payment is in some way waived by the company, a recovery on the policy cannot be had. *Murphy v. Ins. Co.,* 167 N. C., 334. In that case the position as it prevails in this jurisdiction is stated as follows: "The delivery of a

life insurance policy absolute and unconditional is a waiver of the stipu-
lation for a previous or contemporaneous payment of the first premium;
and where the insurer has received the insured's note for the payment
of this premium upon condition that the policy shall be avoided unless
the note is paid at maturity, the condition will be upheld unless the
time for its payment has been postponed by valid agreement or the
stipulation, made for the benefit of the company, has in some way
been waived by it, or the company has so acted in reference to the mat-
ter as to induce the policyholder, in the exercise of reasonable business
prudence, to believe that prompt payment is not expected and that for-.
feiture on that account will not be insisted upon."

It was objected for defendant (1) that the tender of the premium
note, established by the verdict in this instance, will not avail the plain-
tiff for the reason that it was not for the full amount, as, per contract,
the note bore interest from date. ` (2) That the tender was not kept
good.

Under our statute, Revisal sec. 1952, this note, we think, bore interest
from date. While a note for the payment of money ordinarily draws
interest from the time it is due, this statute enacts that "When an in-
strument provides for payment of interest without specifying the date
from which it runs, it draws interest from date," and the stipulation in
the note, "at the rate of 6 per cent," is a sufficient expression to bring
·the same within the statute, and the tender in the exact terms of the
issue is not a valid tender, in that it did not include the interest; but it
is well understood that when a tender is made, purporting to be the full
amount, and there is an absolute refusal to accept on a specified ground
that is untenable, the obligee is concluded and will not be heard to
allege other and different ground for his refusal. *Moynahan v. Moore*,
9 Mich., 9; *Brady v. Wells*, 88 Neb., 554; 3 Elliott on Contracts, sec.
1971; 3 Paige on Contracts, sec. 1426. In *Moynahan's case* it was
held: "that objection made at the time of the tender precludes all
others, and if that is not well grounded the tender will be held good."
In *Brady v. Wells:* "When a tender is refused without objection to the
sufficiency of the amount, but on other grounds, the tender will be con-
sidered waived." On the facts in evidence and as accepted by the
jury, this tender was refused on the ground that "insured would have
to wait till he got well and could come and see about it himself," and
it is not now open to defendant to maintain that the interest, about
60 cents at most, was not included in the amount. And as to the second
reason, that the tender was not "kept good": The usual office of a
tender is to stop interest and save costs,, and when it is relied upon for
such purpose it must be "kept good," and in case of suit instituted ·it

is usually required that the sum admitted to be due shall be paid into court. *Parker v. Beasley,* 116 N. C., 1. But the principle has no necessary application when, under the stipulations of a contract, a tender is required to save a forefeiture. When such a tender is once properly made within the time, and refused, it fills its purpose and *pro hac vice* the alleged forfeiture is prevented. *Rosenweig v. Kalichman,* 106 N. Y., Supp., 860; *Parker v. Gurtatowki,* 129 Ga., 623; Ashley *v. Telephone Co.,* 25 Mont., 286; *Travelers Ins. Co. v. Pulling,* 159 Ill., 603; 28 A. and E. Enc. (2d Ed.), p. 40, citing *Denison v. Mason's Accident Ins. Co.,* 59 N, Y., App. Div., 294.

A like principle prevails here and elsewhere when a proper tender is made of a debt secured by a mortgage on property. Such a tender relieves the encumbered property; it is held to satisfy the conditions of the mortgage, and thus prevents a foreclosure.

Intestate, therefore, was not bound to keep the tender good in the sense that he should always have the money in evidence. The forfeiture was prevented when he made the proper tender within the time or such tender was waived by the company, and the insured having died before any other premium became due, plaintiff's recovery on the policy will be sustained.

As a matter of fact, the attempted forfeiture for nonpayment of this note being unavailing for the reasons stated, and intestate having meantime died, holding a valid policy against the company, there was no obligation to make further tender. When he undertakes, however, to seek affirmative relief on the policy by reason of this tender, he is required to "keep it good" in the sense that the court will reduce the policy by the amount of the premium due. To that extent he is required to keep his tender good, and, on the facts presented, this is the correct significance of the term, and the position has been allowed defendant in the judgment rendered.

It is earnestly urged that while the verdict shows a tender of the principal sum, the facts on which the alleged waiver is based, are not established by the verdict, and for that reason a new trial should be awarded; but, on the record, this objection also must be overruled.

It is well understood here that while a verdict must by a general rule establish the facts required to support the judgment, such verdict may be interpreted and allowed significance by reference to the pleadings, the testimony, and the charge of the court. *Reynolds v. Express Co.,* 172 N. C., 487.

In the present case plaintiff claimed and testified that she tendered the amount of the premium note to the general manager of the defendant company prior to the time it was due under the existent agreement, and

the tender was refused on the ground that the husband was then sick and would have to get well and make the tender in person. Defendant alleged and testified that no tender whatever was made, and that he had never seen the plaintiff before in his life. His Honor fully stated these opposing positions, and by reference to the testimony, the argument, and the charge it is clear the jury have accepted the plaintiff's version of the occurrence, to wit, that a tender was made and refused on the ground stated. Indeed, the issue and verdict established the tender of the amount of the premium note, and the amount, $42.37, fixed in response to a positive direction of the court to that effect, was evidently an inadvertence of the judge, and should not be allowed to destroy the effect of the tender. If there was room for difference about that small amount of interest—65 cents, at most—it would seem that our statute, Gregory's Supplement to Pell's Revisal, sec. 4779a, would prevent a forfeiture within a year unless the claimant was properly informed of the exact amount due, where it should be paid, and to whom payable.

Considering the facts in evidence, we have no hesitation in holding that on the verdict, correctly interpreted, there has been no forfeiture of the policy, and the judgment for same, less the unpaid premium, must be affirmed.

No error.