THE CHICAGO TITLE AND TRUST COMPANY, Admr., Appellee, *vs.* CHARLES W. WARD, Exr., Appellant.

*Opinion filed December 16, 1925.*

1. APPEALS AND ERRORS—*when questions of fact are involved in a case.* Whenever an issue is made in a case and evidence must be introduced to maintain the issue, controverted questions of fact are involved which include not only evidentiary facts but ultimate facts, even though there be no conflict in the testimony or the evidence may be agreed upon or embodied in a stipulation of facts.

2. SAME—*when Appellate Court must make finding of facts on every material issue.* Where the Appellate Court reverses a judgment without remanding the cause and enters final judgment, if the judgment is the result, wholly or in part, of finding the facts differently from the finding of the trial court the Appellate Court must recite in its judgment the facts as found, and the finding must be of every material issue upon which the rights of the parties depend.

3. SAME—*what is not a finding of facts in opinion of Appellate Court.* The statement of facts contained in an opinion of the Appellate Court is not the finding of facts required by statute to be recited even though there is a discussion of the evidence, in which the Appellate Court gives reasons for reversing the judgment.

APPEAL from the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN A. SWANSON, Judge, presiding.

MONTGOMERY, HART & SMITH, (LOUIS E. HART, and IRVING HERRIOTT, of counsel,) for appellant.

DARRELL S. BOYD, and ROY P. KELLY, (FISHER, BOY-DEN, KALES & BELL, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

George C. Benton, a resident of Chicago, Cook county, Illinois, died on July 26, 1902, leaving a last will and testament, in which Charles W. Ward was nominated executor, which will and testament was duly entered of record in the probate court of said county and letters testamentary issued to Ward. Benton's daughter, Harriot Benton Ward, wife of Charles, died April 18, 1896. July 23, 1903, letters of administration were issued out of the probate court of Cook county to the Chicago Title and Trust Company as administrator of her estate. Thereafter the Chicago Title and Trust Company, as such administrator, filed a claim in the probate court of Cook county against the estate of George C. Benton, based upon claims that Benton in his lifetime converted to his own use 350 shares of the capital stock of the Delta and Pine Land Company and 25 shares of the Chicago Title and Trust Company belonging to Mrs. Ward or to her estate. Objections to the allowance of this claim having been made to the probate court on behalf of those interested in the estate of Benton, thereafter, after a hearing was had in said court, an order was entered disallowing the claim on July 1, 1905. An appeal was taken by the claimant to the circuit court of Cook county, and in May, 1918, both claims were tried before a jury and a verdict was rendered in favor of the claimant as to the Chicago Title and Trust Company stock and against the claimant as to the Delta and Pine Land Company stock, and judgment was rendered on this verdict. An appeal was taken by the claimant to the Appellate Court for the First District, where the judgment was reversed and the cause remanded to the circuit court of Cook

county.   In April, 1924, the case was again tried in the circuit court of Cook county before the court, both parties having waived a jury, and the court, after hearing the evidence, found the issues against the claimant and rendered judgment accordingly.   An appeal from this judgment was taken by the claimant to the Appellate Court for the First District, in which court the judgment of the circuit court as to the Chicago Title and Trust Company stock was affirmed and as to the Delta and Pine Land Company stock it was reversed, and a judgment was rendered in the Appellate Court in favor of the claimant for the sum of $165,472. From that judgment an appeal has been taken to this court by the representative of the estate of George C. Benton, a certificate of importance having been allowed by the Appellate Court.

It was claimed on behalf of the claimant that the shares of stock in question belonged to Harriot Benton Ward in her lifetime, and that after her death the same were converted by George C. Benton, during his lifetime, to his own use.   On behalf of the estate of Benton it was claimed that the shares of stock in question were his property and that they did not belong to Mrs. Ward in her lifetime or to her estate after her death, and that at no time had they ever belonged either to Mrs. Ward or to her estate.   To determine these controverted questions of fact evidence was necessary.   Whenever an issue is made in a case and evidence must be introduced to maintain the issue controverted questions of fact are involved in the case, which include not only evidentiary facts but ultimate facts, even though there be no conflict in the testimony or the evidence may be agreed upon or embodied in a stipulation of fact.   (*Navratel* v. *Curtis Door and Sash Co.* 290 Ill. 526; *Armstrong Paint Works* v. *Continental Can Co.* 301 id. 102.)   The circuit court having found against claimant and entered its judgment in accordance with its findings, and the Appellate Court having rendered judgment in favor of the claimant, from

the nature of the controverted questions it is evident that the Appellate Court must have found some of the ultimate controverted questions of fact differently from the findings of the trial court. The Appellate Court did not make a finding of the facts so found and recite the same in its judgment. Whenever the Appellate Court reverses a judgment without remanding the cause for a new trial and enters final judgment, if the judgment is the result, wholly or in part, of finding the facts concerning the matter in controversy differently from the finding of the trial court, the Appellate Court must recite in its finding, order, judgment or decree the facts as found. To sustain a judgment of the Appellate Court under such circumstances the finding of facts must be upon every material issue upon which the rights of the parties depend. (*Laughlin* v. *Norton, 267* Ill. 476.) There is a discussion of the evidence in the opinion where the Appellate Court gives reasons for reversing the judgment, but that is not a compliance with the statute. The statement of facts contained in the opinion is not the recital of facts required by the statute. *Martin* v. *Martin, 202* Ill. 382; *Coalfield Co.* v. *Peck,* 98 id. 139; *Dandyline Co.* v. *Linsk, 295* id. 69; *Laughlin* v. *Norton, supra.*

The judgment of the Appellate Court is reversed and the cause remanded to that court, with directions either to affirm the judgment, or if there was error in the matter of law requiring a reversal, which error can be corrected on another trial, to remand the cause in order that the error may be corrected, or if final judgment is entered, the ultimate facts found differently from the facts as found by the circuit court shall be incorporated in the judgment.

*Reversed and remanded, with directions.*