(No. 16982.—Reversed and remanded.)
JACOB FRANK, Defendant in Error, *vs.* THE THOMAS T. HOSKINS COMPANY, Plaintiff in Error.

*Opinion filed October 28, 1926.*

1. APPEALS AND ERRORS—*general rule as to when questions of fact are involved.* Whenever an issue is made in a case and evidence must be introduced to maintain the issue controverted questions of fact are involved, which include not only evidentiary facts but ultimate facts, even though there be no conflict in the testimony or the evidence may be agreed upon or embodied in a stipulation of facts.

2. SAME—*when the Appellate Court should not enter judgment without making finding of facts.* Where the only question to be determined in an action on a judgment note is as to whether the note has been paid, the Appellate Court should not set aside the judgment of the trial court and enter judgment for the plaintiff for the full amount claimed without making a finding of facts, and where it has entered such judgment it will be reversed by the Supreme Court with directions either to make a finding of facts, or to affirm the trial court, or to reverse and remand for error of law.

WRIT OF ERROR to the First Division of the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. CHARLES F. MCKINLEY, Judge, presiding.

SINDEN & HASSELL, (CLYDE C. FISHER, of counsel,) for plaintiff in error.

LAWRENCE E. DOWD, and CHARLES P. R. MACAULAY, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

February 15, 1924, defendant in error, Jacob Frank, recovered a judgment against plaintiff in error, by confession in the municipal court of Chicago, on two judgment notes for the sum of $2522.50. Thereafter, on April 4, 1924, the judgment was opened and leave given plaintiff in error

to appear and defend. A jury trial was waived and the cause heard by the court and judgment for $614.75 entered in favor of defendant in error against plaintiff in error, from which judgment defendant in error appealed to the Appellate Court for the First District, which court set aside the judgment of $614.75 and without making a finding of facts entered· judgment in favor of defendant in error against plaintiff in error for $2047.18. The cause is now before this court for review upon *certiorari.*

One note, dated November 10, 1920, due thirty days after date, was for $1000. The other note, dated September 5, 1922, due ninety days after date, was for $1400. The evidence shows that $900 was paid on the $1400 note, leaving a balance of $500. Plaintiff in error did not deny that the balance was due on the $1400 note but alleged that the $1000 note had been paid. In its opinion the Appellate Court says: "The only question to be determined is whether the defendant has shown, by a preponderance of the evidence, that the note for $1000 was paid." It also says: "We are of the opinion that the defendant has not proved, by a preponderance of the evidence, that the note for $1000 was paid." Whenever an issue is made in a case and evidence must be introduced to ·maintain the issue, controverted questions of fact are involved in the case, which include not only evidentiary facts but ultimate facts, even though there be no conflict in the testimony or the evidence may be agreed upon or embodied in a stipulation of facts. (*Chicago Title and Trust Co.* v. *Ward,* 319 Ill. 201.) Whether or not the $1000 note had been paid was a controverted question of fact. The amount due from plaintiff in error to defendant in error was a controverted question of fact, and it is apparent that the Appellate Court, upon these controverted questions of fact, found differently from the trial court.

Whenever the Appellate Court reverses a judgment without remanding the cause for a new trial and enters

final judgment, if the judgment is the result, wholly or in part, of finding the facts concerning the matter in controversy differently from the finding of the trial court, the Appellate Court must recite in its finding, order, judgment or decree the facts as found. The Appellate Court not having done so in this case its judgment is reversed and the cause remanded to that court, with directions either to affirm the judgment, or if there was error in matter of law requiring a reversal, which error can be corrected on another trial, to remand the cause and order that the error be corrected, or if a final judgment is entered, that the ultimate facts found differently from the facts as found by the circuit court shall be incorporated in the judgment.

*Reversed and remanded, with directions.*