EUGENE BOLLE, Plaintiff in Error, *vs.* THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY, Defendant in Error.

*Opinion filed February 16, 1927.*

1. APPEALS AND ERRORS—*when controverted questions of fact are involved.* Whenever an issue is made in a case and evidence must be introduced to maintain the issue controverted questions of fact are involved, which include not only evidentiary facts but ultimate facts, even though there be no conflict in the testimony.

2. NEGLIGENCE—*when judgment of Appellate Court deprives plaintiff of jury trial.* In an action under the Federal Employer's Liability act to recover damages for personal injuries alleged to have been sustained by the plaintiff while employed in interstate commerce, it is error for the Appellate Court to reverse, without remanding, a judgment entered for the plaintiff after a jury trial, where the question whether or not the plaintiff was engaged in interstate commerce is a controverted question of fact and the evidence is not such that all reasonable minds must necessarily agree that the plaintiff was not, at the time of the injury, engaged in interstate commerce.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding.

RYAN & ROSENTHAL, and PAUL MACGUFFIN, (JOSEPH D. RYAN, of counsel,) for plaintiff in error.

NELSON J. WILCOX, NYE F. MOREHOUSE, and I. C. BELDEN, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Eugene Bolle (hereinafter called plaintiff) brought suit in the circuit court of Lake county against the Chicago and Northwestern Railway Company, (hereinafter called defendant,) a common carrier engaged in both interstate and intrastate commerce, to recover damages under the Federal Employers' Liability act for an injury alleged to have been sustained by plaintiff while engaged as an employee of defendant in interstate commerce. He recovered a judgment in the circuit court for $20,000, which the Appellate Court for the Second District, upon appeal, reversed without remanding and without a finding of facts to be incorporated in the judgment. The record is before this court for re-· view on *certiorari*.

On November 15, 1925, plaintiff was employed by defendant in Waukegan. His duties consisted of watching engines in the roundhouse, sanding them, turning turntables, and other duties in the roundhouse with reference to engines engaged in both interstate and intrastate commerce. He also fired the stationary boiler, or the locomotive engine which was substituted when the boiler was out of service, which supplied heat to the defendant's passenger depot, baggage room in depot, coach yard pipes, roundhouse foreman's office, engineers' and firemen's register and locker room, engineers' and firemen's bunkhouse, bridge and

building maintenance bunk-car, bridge and building carpenter foreman's office and shop, and signalmen's maintenance-of-way car. The bridge and building car was used as living quarters by employees of defendant who were engaged in the service of repairing bridges and buildings. The heating plant in question which heated this bridge and building car also conveyed heat or steam through the yard pipes which were used to heat passenger coaches. These yard pipes could be used to heat the cars in any train if necessity required it. The signal maintenance-of-way car was used by the signalmen for keeping their supplies used in the maintenance-of-way department. These latter employees were engaged in taking care of all signaling devices in their territory. Whenever it got cold at night heat was supplied to these men where they were kept and housed. On December 4, 1922, this stationary boiler was temporarily out of repair and plaintiff was firing the locomotive engine which supplied heat to the various buildings. He went to work about four o'clock in the afternoon and about nine o'clock in the evening he was directed to accompany his engine to Beach, in defendant's yards, about four miles north of Waukegan station, for coal and water. The engine and tender were thereupon attached to three other engines which had been engaged in interstate commerce and were then being prepared for interstate trips, and the four engines, being so coupled together, were propelled northward by the most northerly engine, which was immediately north of the engine upon which plaintiff was riding. The four engines so coupled together arrived at Beach and the engine of plaintiff took water, but before the tank was completely filled the engines were moved north to a side-track in order to permit an interstate train to pass. The engines remained on the side-track only a few minutes and then started back to the water tank and coal chutes, the motive power at that time being furnished by the most southerly engine. The engines stopped and the engine farthest south was supplied

324—31

with coal. Again the four engines moved southward, the most southerly engine furnishing the power, and the second engine toward the south, and also the third one, upon which was plaintiff, were placed opposite the coal chutes. While engaged in taking coal the engine immediately north of plaintiff without notice or warning moved northward suddenly and plaintiff's leg was crushed between the cab of his engine and the coal chute, and as a result it became necessary to amputate his right leg above the knee.

Whether or not at the time of the accident plaintiff was employed by defendant in interstate commerce was a controverted question of fact upon which plaintiff had a constitutional right to a trial by jury. This question of fact was the main issue in the case. Whenever an issue is made in a case and evidence must be introduced to maintain the issue, controverted questions of fact are involved which include not only evidentiary facts but ultimate facts, even though there be no conflict in the testimony. (*Chicago Title and Trust Co.* v. *Ward,* 319 Ill. 201; *Frank* v. *Hoskins Co.* 323 id. 46.) The evidence in the case was not such that all reasonable minds must necessarily agree that at the time of the accident plaintiff's employment was not such as to bring him within the provisions of the Federal Employers' Liability act. It was therefore error for the Appellate Court to reverse the case without remanding the same.

The judgment of the Appellate Court is reversed and the cause remanded to that court, with directions either to affirm the judgment of the circuit court or to reverse the same and remand the cause to the circuit court of Lake county for a new trial.

*Reversed and remanded, with directions.*