(No. 19598.—

HENRY BRELIE, Plaintiff in Error, *vs.* DAVID SAUL KLAFTER *et al.* Defendants in Error.

*Opinion filed October 19, 1929.*

176

Loucks, Eckert & Peterson, (W. W. Patterson, of counsel,) for plaintiff in error.

Perlman, Goodman & Scolnik, for defendants in error.

Mr. Justice Heard delivered the opinion of the court:

This cause is here, by leave of this court, upon *certiorari* to the Appellate Court for the First District.

Plaintiff in error, Henry Brelie, brought suit in assumpsit in the superior court of Cook county against defendants in error, David S. Klafter and Amanda E. Klafter, to recover $22,858.91, being earnest money he had paid them on account of a contract to purchase 650.5 acres of Florida land, which contract contained, among other things, the following provision: "If the title to any parcel of this land should prove defective and the sellers cannot cure the defects, such acreage shall be deducted and eliminated from the contract, and the sellers agree to sell the balance at the price and upon the terms stated. It is understood, however, that should any part of the premises fronting on Route 3 be affected by such defects so that sellers are unable to furnish good title thereto, the purchaser shall be released from any obligations under the terms of this contract and any amount or amounts paid to the sellers shall be returned to the purchaser." Plaintiff in error in his affidavit of claim alleged that part of the premises fronting on Route 3 was affected by defects in the title thereto so that defendants in error were unable to furnish good title thereto, while defendants in error by their affidavit of merits denied that such premises were so affected by defective title. A jury trial was not waived but the cause was tried before a jury, who under the instruction of the court returned a verdict in favor of plaintiff in error for the full amount of his claim. Judgment was rendered on the verdict against defendants in

error, from which judgment they appealed to the Appellate Court for the First District, which court, without making a finding of facts to be incorporated in the judgment, reversed the judgment of the superior court without remandment and entered judgment in favor of defendants in error against plaintiff in error.

Whether or not any part of the premises fronting on Route 3 was affected by a defective title so that defendants in error were unable to furnish good title thereto was a controverted question of fact, to determine which evidence was necessary. Whenever an issue is made in a case and evidence must be introduced to maintain the issue, controverted questions of fact are involved in the case, which include not only evidentiary facts but ultimate facts, even though there be no conflict in the testimony or the evidence may be agreed upon or embodied in a stipulation of facts. *Chicago Title and Trust Co.* v. *Ward,* 319 Ill. 201.

Whenever the Appellate Court reverses a judgment without remanding the cause for a new trial and enters final judgment, if the judgment is the result, wholly or in part, of finding the facts concerning the matter in controversy differently from the finding of the trial court, the Appellate Court must recite in its finding, order, judgment or decree the facts as found. (*Chicago Title and Trust Co.* v. *Ward, supra; Frank* v. *Hoskins Co.* 323 Ill. 46.) The Appellate Court not having done so in this case, its judgment is reversed and the cause remanded to that court, with directions either to affirm the judgment, or if there was error in matter of law requiring a reversal, which error can be corrected on another trial, to remand the cause and order that the error be corrected, or, if a final judgment is entered, that the ultimate facts found differently from the facts as found by the superior court shall be incorporated in the judgment.

*Reversed and remanded, with directions.*