### J. FRANK TESH v. C. D. ROMINGER.

(Filed 1 February, 1939.)

**1. Pledges § 2—**

    A provision in a note that the collateral therewith deposited may be held by the payee to secure other indebtedness of the maker to the payee, due or to become due, is valid.

**2. Pledges § 3—**

    A person claiming that property of another is subject to a pledge in his favor has the burden of establishing that fact.

3. **Same—**

A person claiming that collateral pledged as security for a note is also security for other obligations of the maker, has the burden not only of establishing such fact, but upon tender by the maker of the amount due on the principal note, has the burden of proving the status of such other obligations, that they are unpaid and the amount due thereon.

4. **Same—**

Where the pledgee pleads ownership of the stock pledged as security and denies the right of pledgor to redeem, tender of payment by the pledgee is unnecessary and is deemed waived.

5. **Pledges § 2—**

The pledgee holds the security pledged in trust, first for himself, and then for the pledgor, and the pledgor has the legal right to redeem the security pledged upon payment of the debt.

6. **Pledges § 3—Where pledgor offers evidence of ownership of security pledged, and tender is waived, nonsuit is erroneous.**

Plaintiff's evidence tended to show that certain stock, subject to the liens of the pledgee bank, was allotted to him in bankruptcy proceedings as a part of his personal property exemption, that defendant obtained the note and security pledged to the bank by assignment, that plaintiff had tendered defendant the amount due on the note and demanded redemption of the stock, which tender defendant refused. Defendant contended that he purchased from the bank other notes executed by plaintiff which other obligations were secured by the stock under the terms of the pledge to the bank, pleaded ownership of the stock and denied plaintiff's right to redeem. *Held:* Even conceding plaintiff's evidence sufficient to establish that the other obligations were outstanding and were secured by the stock pledged, the plea of ownership and denial of the right to redeem waived tender of payment of such other obligations, and it was error to sustain defendant's motion to nonsuit, plaintiff being entitled to redeem the stock upon payment of the debts secured thereby.

APPEAL by plaintiff from *Sink, J.,* at September Term, 1938, of FORSYTH.

Civil action for recovery of corporate stock or for damage for conversion thereof.

Plaintiff alleges that some time in 1936, by assignment by the First National Bank of Winston-Salem, defendant acquired possession of 25 shares of stock in the Rominger Furniture Company, property of plaintiff, which had been previously pledged to said bank as security for his note in the sum of $200; that prior to such assignment the personal obligations of the plaintiff on the said note had been discharged by the bankruptcy court and said stock had been allotted to him by the trustee in bankruptcy as a part of his personal property exemption; and that though on 21 March, 1936, he tendered cash payment of the note, defendant refused to accept same and return the stock, stating that it was useless for the plaintiff to make such tender because he, the defend-

ant, would never surrender the stock to the plaintiff under any circumstances; that plaintiff is entitled to possession thereof; and that the value of same is $5,000.

Defendant admits possession of the stock, tender of $200 and demand for surrender of the stock, and that he did not and does not intend to surrender the stock to plaintiff. Defendant further avers purchase of the stock; that the referee in bankruptcy ordered that the collateral securing the note which had been purchased by him be transferred and assigned to him, free and clear of the claims of the bankrupt or the bankrupt's estate, from which order no appeal was taken; and that the plaintiff is bound thereby and is estopped to assert any claim to the stock.

Plaintiff offered evidence tending to show substantially these facts: On 8 May, 1935, plaintiff executed and delivered to the First National Bank of Winston-Salem, or order, his promissory collateral note in the sum of $200 to mature on 6 August, 1935, to which was attached and pledged as security Certificate No. 23 for 25 shares of Rominger Furniture Company stock. This note provides, among other things, that upon failure of the maker to perform any of the obligations therein set forth the bank is given power and authority to sell, assign and deliver the whole or any part of the collateral at public or private sale, at the option of the bank, and if at private sale, no notice thereof shall be given either of the parties thereto; and it is therein agreed that if the maker "shall incur any other liability or enter into any other engagement with said bank while said bank is holder of either the original or substituted collateral, said collateral shall be held by said bank as security for any and all such liability or engagement with said bank upon the terms and conditions hereinbefore set forth, and in the event of sale, the net proceeds derived therefrom may be applied either on this note or any other of my liabilities to said bank as its officers or any one of them may elect. After deducting all costs and expenses of the sale and delivery of said collaterals or any part thereof, the said bank is hereby authorized to apply the residue of the proceeds of such sale or sales so made to the payment of any or all of the liabilities above mentioned as said bank may elect, returning the surplus, if any, to the undersigned, and the undersigned agrees to be and remain liable for any deficiency."

The note bears this endorsement: "Assigned and endorsed without recourse pursuant to a written contract dated 17 March, 1936," signed First National Bank, by F. G. Wolfe, Cashier.

Plaintiff introduced in evidence the written contract dated 17 March, 1936, by which the bank sold, transferred and assigned to defendant not only the said note secured as aforesaid, but two other notes: One dated 30 June, 1935, executed by J. F. Tesh and Nina E. Tesh for $1,550,

payable thirty days after date; and the other dated 10 July, 1935, executed by J. F. Tesh for $500, secured by 12 shares of Security Bank Building and Loan stock, together with "every right the said bank may have under pledge contracts set forth in the notes above referred to, and do hereby transfer and assign to C. D. Rominger all collateral pledged as security of said notes with all rights of every nature that the said bank may have  .  .  .  without recourse  .  .  .  of any nature whatever."

On 7 October, 1935, plaintiff was adjudged bankrupt in the District Court of the United States of the Middle District of North Carolina. On 12 November, 1935, there was designated and set apart to him "as his own property under the provisions of the acts of Congress relating to bankruptcy" certain personal property of the value of $499.99, including "25 shares of Rominger Furniture Company stock, subject to various liens in favor of the First National Bank of Winston-Salem" at valuation of $5.00.

On 29 February, 1936, plaintiff received his discharge in bankruptcy.

Plaintiff further offered evidence tending to show that on 21 March, 1936, $207 was due on said note, and that he made tender of $225 in cash to defendant and also to his attorney in payment of the note, but that defendant refused the tender and to surrender the stock and informed plaintiff that "he wasn't going to give up the stock" and "there was not any need to make the tender"; and that at that time the stock had a fair market value of $5,000.

From judgment as in case of nonsuit at the close of plaintiff's evidence, plaintiff appeals to the Supreme Court and assigns error.

*Edward F. Butler and Harvey A. Lupton for plaintiff, appellant.*
*Parrish & Deal for defendant, appellee.*

WINBORNE, J.   Upon the facts presented in the record, we hold that there is error in allowing motion for judgment as in case of nonsuit.

There is a recognized rule of law, reflected in the decisions of this Court, that a provision in a note that the collateral therewith deposited may be held by the payee to secure other indebtedness of the maker to the payee, due or to become due, is valid. *Norfleet v. Ins. Co.,* 160 N. C., 327, 75 S. E., 937; *Milling Co. v. Stevenson,* 161 N. C., 510, 77 S. E., 676.   See, also, annotations, 87 A. L. R., 615.

Where it is admitted, or where there is evidence tending to show, that property is owned by another, one who claims that it is subject to a pledge in his favor has the burden of establishing that fact.   49 C. J., 908, Pledges, sec. 31; *Brimmer v. Brimmer,* 174 N. C., 435, 93 S. E., 984.

Upon application of these principles to the case in hand, there being evidence tending to show that the plaintiff is the owner of the pledged stock subject to the pledge of it as security for the $200 note, if defendant claim that the stock be held by him as collateral security to "other obligation," as described in the collateral note, the burden of proof with respect thereto is upon the defendant.

In the present state of the case, while it appears from plaintiff's evidence that on 17 March, 1936, along with the $200 note of plaintiff and collateral security therefor, Rominger Furniture Company stock, the First National Bank of Winston-Salem also held and assigned to defendant two other notes of which the plaintiff was sole or co-maker, taking the evidence in the light most favorable to plaintiff and giving to him the benefit of every reasonable intendment and reasonable inference to be drawn therefrom, as we must do on motion for nonsuit, C. S., 567, it does not appear that the other notes were in existence and remained unpaid at the date of the institution of the action or at the time of the trial. The burden is upon the defendant to prove the status at that time, that the other notes had not been paid and the amount due thereon. 49 C. J., 1030—Pledges, sec. 316. There being evidence that after the bank assigned the notes to the defendant, plaintiff tendered to defendant payment of the $200 note and demanded surrender of the stock collateral thereto, it may reasonably be inferred that that note was the only obligation for which the stock was security.

But if, after taking the plaintiff's evidence in such light and giving to him such benefit, it be conceded that the evidence is sufficient to establish the fact that "other obligation" by reason of the other notes or either of them remains unpaid, and that defendant is entitled to hold the 25 shares of Rominger Furniture Company stock as security to such "other obligation," we are of opinion that the action should not have been dismissed as in judgment as of nonsuit. Defendant pleads ownership of the stock and denies right of plaintiff to redeem. Tender, therefore, is unnecessary and is deemed to be waived. 49 C. J., 973—Pledges, sec. 185; *Gaylord v. McCoy,* 161 N. C., 685, 77 S. E., 959; *Owens v. Ins. Co.,* 173 N. C., 373, 92 S. E., 168; *Samonds v. Cloninger,* 189 N. C., 610, 127 S. E., 706.

In *Ball-Thrash v. McCormick,* 162 N. C., 471, 78 S. E., 303, it is said:

"If we consider the pledgee as the legal owner of the collateral, he holds it in trust, first, for himself, and then for the pledgor. If the debt for which the property is pledged be less than the value of the latter, the pledgor has not only a technical interest as a beneficiary, but a substantial one, and he is also a beneficiary in the sense that he will be entitled to the thing pledged upon payment of his debt. When he sues to protect

and preserve his interest in the pledge, the court may so proceed or so mould its judgment or decree as to protect all parties concerned. Our present system of pleading and practice is elastic enough for this purpose."

The judgment below is

Reversed.