## Springfield Consolidated Railway Company v. Burrell Gregory.

1. INSTRUCTIONS—*must be predicated upon the evidence.* Instructions given in a cause must be predicated upon the evidence therein.

2. INSTRUCTIONS—*must not give undue prominence to particular facts.* Instructions given in a case must not give undue prominence to particular facts in controversy.

3. INSTRUCTIONS—*must not ignore material facts.* Instructions which undertake to sum up the evidence on the issues must not ignore material facts.

4. INSTRUCTIONS—*must not assume facts in dispute.* Instructions given in a case must not assume the existence or non-existence of facts in dispute.

Action on the case for personal injuries. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1904. Affirmed. Opinion filed October 9, 1905.

WILSON, WARREN & CHILD, for appellant.

TIMOTHY McGRATH, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellee recovered a verdict and judgment against appellant in the Circuit Court of Sangamon County for $500 for injuries sustained by the alleged negligent operation by appellant's servants of one of its street cars.

Appellant operates a street railway on Eighth street in the city of Springfield. Eighth streets runs north and south and is intersected by Monroe street, Capital avenue, Jackson, Edwards and Cook streets running east and west in the order named beginning at the north. On January 5, 1904, appellee, driving one horse hitched to a wagon loaded with ten bushels of coal, having come west on Edwards street, was traveling south on the east side of Eighth street. At about the time appellee came onto Eighth street, appellant's street car operated by overhead electric trolley, coming east on Monroe street, also turned south on Eighth street. At a point about fifty feet north of the intersec-

tion of Cook street a wagon was standing on the east side of Eighth street, occupying the space between the curb and the railway track. Appellee continuing south was obliged in order to avoid the wagon to turn to the west and travel on the portion of the street occupied by the track of the street railway. Appellee drove on the track to avoid the wagon, when appellant's street car, traveling down grade at a speed of about twenty miles an hour, collided with appellee's wagon, with sufficient force to throw appellee out and completely demolish the wagon, and came to a stop 150 or 200 feet south of the point of collision. Appellee was quite seriously injured, and it is conceded that if he is entitled to recover, the damages awarded are not excessive.

The evidence tends to show that the gong on the street car was sounded for the Edwards street crossing and that thereafter the motorman sounded the gong as a warning to appellee. Appellee testified that he did not see the car approaching and did not hear the gong until he had driven on the railway track; that he then heard it sound twice and made an effort to get off the track, but was unable to do so in time to avoid the collision.

We are not disposed to say that the finding of the jury that appellee was in the exercise of due care for his own safety and that appellant was negligent in the operation of its car, is manifestly against the weight of the evidence in the case.

The court did not err in giving the first instruction requested by appellee or in refusing the twelfth instruction requested by appellant. In several recent cases in this court in which the propriety of these instructions was involved, counsel for appellant appeared and made identically the same argument they now make in this case. It is unnecessary to repeat what we there said.

The ninth instruction asked by appellant and refused by the court, is held in North Chicago Elec. Ry. Co. v. Peuser, 190 Ill. 67, to be an accurate statement of the law as applicable to the facts of that case. In the case at bar appellee was not using the railway track in the street for the pur-

pose of traveling continuously thereon in conflict with the superior right of the street railway company, but was necessarily compelled, in avoidance of an obstruction in the street in his line of travel, temporarily to go upon such track. Appellee was rightfully on the track for that purpose. The obstruction and the necessity of appellee's going upon the track to avoid it was obvious to appellant's motorman when he gave the warning for the Edwards street crossing, a sufficient distance north of the point of collision, to have had his car under control. That the track was frosty and slippery does not in this case excuse the failure to control the car. The motorman knowing the existing conditions in that regard must be held to have anticipated that the brake on the car would not operate effectively on a steep down grade such as that upon which he was then running, and in then operating the car should have exercised the degree of care necessary under the surrounding circumstances and conditions. The instruction was not applicable to the facts in the case at bar and was properly refused. The tenth instruction offered by appellant was properly refused because it gives undue prominence to certain facts, ignoring others. The eleventh instruction requested by appellant is bad because it assumes that appellee did not look to see whether a car was approaching. Appellee testified that when he came onto Eighth street he looked north and saw no car approaching.

The record is free from substantial error and the judgment will be affirmed.

*Affirmed.*