## Payette Fruit Packing Company, Appellee, v. Oregon Short Line Railroad Company, Appellant.

### Gen. No. 17,935.

CARRIERS—*when error to direct a verdict.* In an action for damage to cantaloupes, where the affidavit of defense denies liability and denies that plaintiff suffered the damage complained of or that any damage sustained was due to the neglect of defendant, and plaintiff introduces evidence to show the melons were delivered to defendant in good condition and further testimony as to delay in transit and damaged condition when received at destination, a verdict should not be directed for plaintiff though defendant introduces no evidence.

Appeal from the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed May 9, 1913.

254 APPELLATE COURTS OF ILLINOIS.

Payette Fruit Pack. Co. v. Oregon S. L. R. Co., 180 Ill. App. 253.

JOHN A. SHEEAN, for appellant.

CHARLES A. BUTLER, for appellee.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

This was an action brought by the appellee, as plaintiff, against the appellant, as defendant, to recover for loss and damage alleged to have been incurred to a shipment of four cars of cantaloupes from Payette, Idaho, to Seattle, Washington.

It appears from the bills of lading offered in evidence by the plaintiff that three of the cars were consigned to Gordon & Company, at Seattle, and one to East Portland, Oregon, which last car it is claimed was diverted, before reaching East Portland, to Seattle, by contract between the parties.

Seattle is on the Northern Pacific Railroad, and the right to recover is predicated upon the interstate commerce law, as amended by the Carmack amendment in 1906, reference to which has been made in two cases in which opinions have been filed this day, namely, *Burtless v. Oregon Short Line R. Co., ante,* p. 249, and *Gamble-Robinson Commission Co. v. Union Pac. R. Co., post,* p. 256.

The affidavit of defense recites that:

"This defendant has a good defense to the whole of plaintiff's claim, that the various shipments set forth in claim of plaintiff did not suffer any damage; that if any damage was sustained it was not due to any neglect or default of railroad company for which railroad company is answerable to plaintiff; that railroad company did exercise all care required by law to preserve cantaloupes during transit and while in its possession, that there was no unreasonable delay in transit, or if there was delay it was due to causes over which railroad company had no control."

The defendant introduced no evidence, and the rec-

ord is before us on the case as made by the plaintiff's evidence. This consisted of testimony with reference to the condition of the cantaloupes at the time they were delivered to the defendant, from which it would appear that they were in good condition; further testimony as to delay in the transit of the fruit; and also testimony tending to show that the goods, when received at Seattle, were damaged, and the amount of such damage.

At the close of the plaintiff's case the court directed the jury to find a verdict for the plaintiff, the amount fixed being one dollar more than that mentioned in the statement of claim.

As the affidavit of defense denied liability; denied that the plaintiff suffered the damage complained of; denied that if any damage was sustained it was due to the neglect or default of the defendant; denied that there was any unreasonable delay in transit, etc., these questions were all such as should have been submitted to the jury, and we know of no rule, in such circumstances, which authorizes the court to direct a verdict. Nothing is admitted by the defendant, as we read the record, excepting, possibly, the fact as to what the melons in their alleged damaged condition sold for.

Among other questions of fact to be determined was as to whether or not the destination of the car which by the bill of lading the defendant undertook to transport to East Portland, was, by oral arrangement between the parties, changed to Seattle.

The case should have been submitted to the jury, and the court erred in directing the verdict. As there must be a retrial of the case we refrain from discussing the evidence.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*