## Maud Louthan, Administratrix, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 21,347.

1. STREET RAILROADS, § 97*—*when contributory negligence of driver of team passing in front of car question for jury.* In an action against a street car company for death of plaintiff's intestate where defendant contended that plaintiff's intestate was guilty of contributory negligence in swinging his team across defendant's tracks at such a short distance in front of the car that it was physically impossible to prevent the collision, and where there was a conflict in the evidence with regard to such distance, *held* that the contributory negligence of plaintiff was a question for the jury.

2. NEGLIGENCE, § 198*—*when contributory negligence of plaintiff question for jury.* If there be any difference of opinion on the question of contributory negligence, so that reasonable minds may not arrive at the same conclusion, then it is a question of fact for the jury.

3. APPEAL AND ERROR, § 1401*—*when judgment will not be reversed on appeal.* A court of review will not reverse a judgment unless it can say that the verdict is against the manifest weight of the evidence.

4. STREET RAILROADS, § 131*—*when evidence sufficient to sustain finding that defendant guilty of negligence.* In an action against a street railroad for the death of a person killed while attempting to drive a team across defendant's tracks in front of an approaching

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

car, evidence *held* insufficient to sustain a finding that defendant was guilty of negligence.

5. STREET RAILROADS, § 141*—*when instruction on superior right of way of street car company properly refused.* An instruction on the superiority of right of way of the street car along its right of way over vehicles traveling in same direction is properly refused as inapplicable to a case where a driver was attempting to cross the track and where the question was not one of superior right to the use of the street but was purely as to whether defendant was guilty of negligence and the driver exercised ordinary care.

6. STREET RAILROADS, § 144*—*when instruction not objectionable as limiting the exercise of due care of deceased to precise time of crossing street car tracks.* Where an instruction that if plaintiff has proven his case as alleged in his declaration by a preponderance of the evidence, the jury should find defendant guilty, which was objected to on the ground that the allegations of the declaration limited the exercise of due care and caution on the part of deceased to the precise time when he was crossing the tracks of defendant street car company, *held* that the objection was tenable as to the first count but was not tenable as to the three additional counts, and that the court committed no error in giving such instruction.

7. NEGLIGENCE, § 226*—*when instruction on exercise of ordinary care not erroneous.* In an action for the death of a person who was killed while attempting to drive across a street car track in front of an approaching street car, an instruction defining ordinary or reasonable care *held* not unobjectionable on ground that it assumed that an ordinarily careful man would permit himself to be surrounded by the same circumstances that surrounded the deceased.

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed March 15, 1916. *Certiorari* denied by Supreme Court (making opinion final).

FRANKLIN B. HUSSEY and CHARLES LE ROY BROWN, for appellant; JOHN R. GUILLIAMS, of counsel.

GORMAN, POLLOCK, SULLIVAN & LIVINGSTON, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appellee (plaintiff) brought an action against the appellant (defendant) for damages on account of the death of plaintiff's intestate, alleged to have been caused by the negligence of the defendant. The jury returned a verdict for $6,250 in favor of the plaintiff, upon which judgment was entered. To reverse this judgment, defendant prosecutes this appeal.

The deceased was in the teaming business, and on the day of the accident, December 9, 1910, was engaged in hauling brick from a building which stood on the north side of Twenty-second street and about 50 feet east of the P., Ft. W. & Co. Railway viaduct. Twenty-second street extends east and west in the City of Chicago, and is occupied by two street car tracks upon which defendant operates its cars. The street cars pass under the tracks of said railroad, which cross Twenty-second street from north to south at a point about 280 feet west of Archer avenue, which is the first street east of the viaduct which crosses Twenty-second street. The railroad tracks are elevated, and the roadway of Twenty-second street is depressed, passing under the railroad in a subway. The depression of Twenty-second street begins at a point about 50 feet west of Archer avenue and continues to the viaduct or subway. The incline is 230 feet in length and the grade 3.1 per cent. In the center of the subway and between the two car tracks is a row of pillars running from east to west supporting the railroad tracks. At the subway the roadway of Twenty-second street is about 42 feet wide.

About noon, December 9, 1910, a team and wagon belonging to the deceased was standing at the north curb of Twenty-second street, facing west, in front of the building that was being wrecked. The wagon was loaded with about 2,000 brick, weighing about four tons. The brick were to be hauled east in Twenty-second street. The evidence tends to show that the deceased asked the driver of the team whether he could

make the turn east of the viaduct, and there being some doubt of the driver's ability in this regard, the deceased got on the wagon to make the turn; that as he did so he and the driver both looked east to ascertain whether a car was approaching. The deceased got on the wagon, started to make the turn, and when the front wheels of the wagon were about over the south rail of the north or westbound track, one of the defendant's cars coming from the east struck the wagon between the two wheels. The deceased was thrown off the wagon, caught between the wagon and the east pillar that supported the railroad tracks, and instantly killed. At the time of his death he was thirty-two years old and left him surviving his widow, the plaintiff.

The defendant's first contention is that recovery is barred by the contributory negligence of the deceased, the argument being that the deceased negligently swung the team across the tracks at such a short distance in front of the car that it was physically impossible for the defendant to prevent the collision; that the physical facts and mathematical computation demonstrate that the distance between the car and wagon was too short to enable the car to be stopped; that "the controlling question in this case is the distance that intervened between the car and the wagon at the time the horses swung to the south." We agree that the controlling question is as stated by the defendant. Both parties have made elaborate analysis of the evidence, and we have carefully examined all the evidence in the record. The distance between the car and the wagon at the time in question is variously estimated by the witnesses from 12 to 15 feet as stated by the motorman to 380 feet by the witness Wilson. Other witnesses put the distance at 20 or 25 feet; others at the top of the incline, which was shown by actual measurement to be 230 feet; others that the street car was about the middle of the incline, which they esti-

mated to be about 20 or 25 feet, when the team swung across the track. This testimony shows that estimates made by the witnesses as to the distance between the car and the wagon, when stated in feet, is exceedingly inaccurate and very unreliable. The evidence shows that the car could be stopped within 35 or 40 feet.

As a general proposition, the question of contributory negligence is one of fact for the jury, and only becomes one of law when the evidence clearly establishes that the accident resulted from the negligence of the injured party. If there be any difference of opinion on the question, so that reasonable minds may not arrive at the same conclusion, then it is a question of fact for the jury. *Bale v. Chicago Junction Ry. Co.*, 259 Ill. 476; *Chicago Union Traction Co. v. Jacobson*, 217 Ill. 404; *Patterson v. Chicago City Ry. Co.*, 195 Ill. App. 527  From a careful consideration of all the facts and circumstances as shown by the record, we are clearly of the opinion that the question of contributory negligence of the deceased was properly submitted to the jury.

The defendant next contends that the clear preponderance of the evidence shows that the defendant was guilty of no negligence. A court of review will not reverse a judgment unless they can say that the ·verdict is manifestly against the weight of the evidence. The jury saw and heard the witnesses and found the issues for the plaintiff; the trial judge also saw and heard the witnesses and approved the verdict of the jury. We have carefully examined all the evidence in the record and cannot say that the verdict is manifestly against the weight of the evidence.

The defendant next contends that the court erred in refusing to give instruction No. 1, offered by the defendant. The instruction, in substance, was that by reason of its convenience to the public as a carrier of passengers, and the inability of its cars to turn out, a street railway company is vested with a superior

right of way over other vehicles, over that portion of the street occupied by its tracks at points other than street intersections. To sustain this contention, reliance is chiefly placed upon the case of *North Chicago Elec. Ry. Co. v. Peuser,* 190 Ill. 67. In that case plaintiff was driving in the street car track, a car was coming from behind, and the gong was sounded repeatedly. Plaintiff failed to turn out of the track in time and the vehicle in which he was riding was struck by the car. The instruction refused in that case was that the street car company, as a carrier of passengers and by reason of the inability of its cars to turn out, was vested with a superior right of way over other vehicles; that it was the duty of the drivers to turn out and allow the cars to pass, and "to use care not to obstruct and delay the same." The court there considered the relative rights of the parties where the driver of the vehicle was traveling longitudinally in the track in front of the car, and what was said there does not apply where the driver was attempting to cross the track, as in the case at bar. *Springfield Consol. Ry. Co. v. Gregory,* 122 Ill. App. 607; *Pattison v. Chicago City Ry. Co., supra.* In *North Chicago St. R. Co. v. Smadraff,* 189 Ill. 155, it was held that it was not true that street cars under all circumstances have a superior right of way over that portion of the street occupied by its tracks, except at street intersections, but that a street car company generally has a superior right of way at such places; that the question was not one of superior right to the use of the street but purely as to whether the defendant was guilty of negligence and the plaintiff in the exercise of ordinary care. This was the question in the case at bar and the instruction was therefore properly refused.

The next contention is that the court erred in instructing the jury that if they found from the evidence and under the instructions that the plaintiff had proven her case as alleged in her declaration by a

preponderance of the evidence, they should find the defendant guilty. In support of this contention, the defendant argues that the allegations of the declaration limit the exercise of due care and caution on the part of the deceased for his own safety to the precise time when he was crossing the street car track. The declaration consists of four counts. In the first count the allegation of care and caution is: "While the said Frazier Louthan with all due care and caution for his own safety was then and there driving his team of horses and wagon in a southerly direction over and across the westbound tracks," and in each of the three additional counts, the allegation is: "While the said Frazier Louthan was exercising all due care and caution for his own safety was then riding in a certain wagon drawn by two horses and driving the same across the track on the aforesaid street and highway." The objection to the allegations of the three additional counts is not tenable. *St. Louis Nat. Stock Yards v. Godfrey*, 198 Ill. 288; *Chicago & A. R. Co. v. Fisher*, 141 Ill. 614; *Pusateri v. Chicago City Ry. Co.*, 156 Ill. App. 578; *Larsen v. Ward Corby Co.*, Gen. No. 20,985, *ante*, p. 109. The first count, however, is subject to the objection. The question therefore is, was the giving of the instruction error? The defendant to sustain its contention cites *Krieger v. Aurora, El. & C. Ry. Co.*, 242 Ill. 544; *Cromer v. Borders Coal Co.*, 246 Ill. 451; *Cantwell v. Harding*, 249 Ill. 354; *Bale v. Chicago Junction Ry. Co.*, 259 Ill. 476.

In the *Krieger* case, *supra*, an instruction was given similar to the one here complained of. It was then held that while the practice of giving such an instruction was not commendable, yet it was generally held not ground for reversing the judgment. The court there said, p. 550: "In *Central Railway Co. v. Bannister*, 195 Ill. 48, and *West Chicago Street Railroad Co. v. Lieserowitz*, 197 Id. 607, the instruction was held unobjectionable on the theory that it was the same as

if the allegations of the declaration had been copied into the instruction. In those cases the court said that had the instructions copied the allegations of the declaration no objection could have been urged to them. The theory in the cases in which the instruction has been held unobjectionable is that it merely refers the jury to the declaration to ascertain what facts are averred and orders a verdict if such facts have been proved. Considering the instruction the same as though it copied the averments of the declaration in this case, the allegation respecting care and caution on the part of the plaintiff in each count was the same, and was in the following words: 'While the said plaintiff with all due care and caution was then riding across the said railroad.' '' It was there held that, as the real controversy was over the questions whether the plaintiff could have seen or heard the car or the signals, which were alleged to have been given, before driving on the track, and whether he was guilty of negligence in placing himself in the position of danger, the instruction was bad. In that case it will be noticed that all counts of the declaration were the same and limited the exercise of due care and caution to the time when the plaintiff was riding across the track, while in the case at bar, the allegations of the three additional counts do not so limit such period of time.

In the *Cromer* case, *supra,* the declaration consisted of but one count. One of the defenses interposed was that of assumed risk, and as the declaration did not expressly nor by fair implication negative such defense, it was held error to give an instruction similar to the one now under consideration.

The *Cantwell* case, *supra,* was an action based on fraud and deceit. There were two special counts, the first of which failed to allege scienter. One of the instructions told the jury that if they believed from the evidence that the plaintiff had made out his case, as laid in the declaration, ''or any count thereof,'' they

must find for the plaintiff. This was held to be error, since the jury might have found the defendant guilty on the first special count.

In the *Bale* case, *supra,* there were four counts in the declaration. The allegation of the first count limited the exercise of due care to the time the deceased was in the place where he was struck by the train. The contention of the defendant there was that the deceased was guilty of negligence in placing himself in that position when he knew the train was approaching. The instruction told the jury that if they believed from a preponderance of the evidence that the plaintiff had proved his case as "alleged in the first, second or fourth counts of his declaration, or either of them," then they should find the defendant guilty. This was held to be error since the first count ignored the question whether the deceased was guilty of negligence in placing himself in a dangerous position.

From the foregoing it clearly appears that none of the cases cited is in point. In the case at bar, the allegations of the three additional counts do not limit the exercise of due care to the period of time when the deceased was crossing the tracks, and it will be noticed that the instruction did not authorize a recovery on proof of the allegations of any particular count, but told the jury that the plaintiff must prove her case by a preponderance of the evidence as alleged in her declaration. Under these facts, we are of the opinion that the court committed no error in giving the instruction.

The defendant next complains that the court committed error in giving instruction No. 6, offered on behalf of the plaintiff. This instruction defined ordinary or reasonable care, and the defendant concedes that as an abstract proposition of law it is unobjectionable, but contends that as applied to the facts in this case it was erroneous in that it assumed that an ordinarily careful man would permit himself to be surrounded by

the same circumstances that surrounded the deceased. This contention is without merit.

Finding no reversible error in the record, the judgment of the Superior Court of Cook county will be affirmed.

*Affirmed.*