H. E. Genck, and August Zoutte, Partners Doing Business as Young's Washer Service, and Russell Lowe, Plaintiffs-Appellees, v. James G. McGeath et al., Defendants. Grace L. Lum, Defendant-Appellant.

**Gen. No. 10,031.**

Third District.

February 23, 1956.

Released for publication March 12, 1956.

Earl S. Hodges, of Springfield, for defendant-appellant; Samuel C. Patton, of Springfield, of counsel.

Brown, Hay & Stephens, of Springfield, for plaintiffs-appellees; Paul W. Gordon, Jr., of Springfield, of counsel.

JUDGE REYNOLDS delivered the opinion of the court.

Plaintiff Russell Lowe, was a driver for Young's Washer Service. Plaintiffs H. E. Genck and August Zoutte were partners doing business as Young's Washer Service, in the City of Springfield, Illinois. Defendant Grace L. Lum was driving one of the vehicles involved in a collision and the defendant James R. McGeath was the owner of the vehicle driven by Grace L. Lum. The case arose out of a collision between a truck belonging to the Young's Washer Service, driven

by plaintiff Russell Lowe, and a car driven by defendant Grace L. Lum, at the intersection of South Glenwood Avenue, with Highland Avenue, in Sangamon County. South Glenwood Avenue runs in a general northerly and southerly direction and Highland Avenue runs in a general easterly and westerly direction. The driver of the truck, Russell Lowe was proceeding in a northerly direction on South Glenwood Avenue, and the defendant Grace L. Lum was proceeding in an easterly direction on Highland Avenue. The two vehicles collided in the intersection of the two streets or roads.

Suit was brought by the plaintiffs for damages to the truck and personal injuries to Russell Lowe, in the Circuit Court of Sangamon County. Trial was had before a jury. Five witnesses testified in behalf of the plaintiffs, namely the plaintiff driver of the truck, Russell Lowe, the two partners H. E. Genck and August Zoutte, Charles P. Forgas, a garageman, and Sergeant Joseph G. Sanders, of the Illinois State Highway Police. The defendants offered no testimony. At the close of the plaintiff's evidence, the court allowed a motion by the defendants to instruct the jury to find the defendant James R. McGeath "Not Guilty" and did so instruct the jury. At the close of all the evidence, both the plaintiffs and the defendant Grace L. Lum moved for an instruction for a directed verdict. The court denied the motion of the defendant Grace L. Lum but allowed the motion of the plaintiffs and instructed the jury to find the issues in favor of the plaintiffs Genck and Zoutte, and assess their damages at $700.29 and in favor of the plaintiff Russell Lowe and assess his damages at $15. Judgment for the plaintiffs and against the defendant Grace L. Lum was entered for those amounts, and from that judgment the defendant Grace L. Lum appeals to this court.

The appeal is made on two grounds: A. That the court erred in directing a verdict for the plaintiffs.

B. That the court erred in denying the defendant's motion for a new trial. If the court erred in directing a verdict for the plaintiff, it would necessarily follow that the court erred in refusing to allow the motion for a new trial. However, two other points are raised on the ground that the court erred in denying the motion for a new trial. The defendant contends that the court erred in admitting in evidence over the defendant's objection, Plaintiff's Exhibit 1, and that the evidence was not competent to sustain the amount of the verdict. This court is bound by the record and the record shows that Plaintiff's Exhibit 1 was admitted without objection in the final minutes of the trial. Even though the defendant disputes the record, this court will have to consider the record true and correct.

This leaves only the one point for this court to pass on, namely, Did the court err in directing a verdict for the plaintiffs? In order to properly pass on this question it is necessary to examine the evidence for the plaintiff. In doing so, only the testimony of two of the witnesses for the plaintiff should be considered, namely Russell Lowe and Sergeant Sanders of the Illinois State Police. There were other witnesses but their testimony was mainly to the extent of the damage to the truck. Mr. Zoutte did testify that he talked to the defendant Grace L. Lum shortly after the accident, but his testimony in that regard has no bearing on the question before this court.

The driver Russell Lowe testified he was driving at a speed of about 20–25 miles per hour, proceeding in a northerly direction on South Glenwood Avenue, as he approached and entered the Highland Avenue intersection and as follows:

Q. Did you look in either direction prior to approaching the intersection?
A. Yes, I did.

148

Q. Will you describe if you can—you recall the general nature of that intersection?

A. Yes, I do.

Q. Will you describe it for the jury?

A. It would be called a suburban intersection; there are houses on all four corners; on the southwest approaching the intersection there is about three—four large trees, along the sidewalk area; and outside of that I imagine it is just like any other intersection.

Q. That is the southwest corner?

A. That is the southwest corner.

Q. Now, did you say you looked prior to going into the intersection; that you looked to either side?

A. That is right.

Q. Did you see anyone?

A. No.

Q. Any approaching vehicle?

A. When I approached the intersection I didn't see nothing.

Q. When was the first time that you realized that there was another vehicle in or approaching that intersection?

A. When I was at least half way into the intersection was the first time I saw the other car.

Q. How did you happen to see it then?

A. I heard a horn; I believe it was hers, and I happened to glance over my left shoulder and saw her in the back of me, and when I did I saw she was going to hit me so I stepped on the gas trying to get away, but there was loose gravel on the road and I couldn't get enough traction.

On cross examination, the plaintiff Russell Lowe testified as to the condition of the roadway on which he was driving as follows:

Q. What was the condition of the surface of Glenwood?

A. There was gravel on the road; I guess they just oiled it or something.

149

Q. There was loose gravel on the road, wasn't there?

A. Yes.

And again on cross examination the driver Russell Lowe testified as follows:

Q. When you came up there from the south you looked but you couldn't see because of these trees, could you?

A. I could see.

Q. You could see?

A. Yes.

Q. How far did you see?

A. I would say approximately 10 foot.

Q. Ten feet from where?

A. From the corner.

Q. From the corner; you mean you could see ten feet to the west?

A. That is right.

Q. Which way did you look first?

A. To the west.

Q. You looked to the west first. Then which way did you look?

A. To the right, to the east.

Q. As you came along there you were traveling about 20 to 25 miles an hour?

A. Yes.

Q. Where were you traveling on Glenwood? What part of the street?

A. On the east side of the street.

Q. That street isn't very wide there, is it?

A. I imagine it is regulation size; I don't know.

Q. It is about a two lane street?

A. Yes, that is right, a two lane.

Q. It is not a paved street.

A. No.

Q. It is an oiled street?

A. That is right.

Q. With loose gravel on top?

150

A. That is right.

Q. How far would you say you were south of Highland when you looked?

A. Oh, it couldn't have been too far from the corner.

Q. How far?

A. Five–six feet.

Q. Five or six feet south of the south edge of Highland when you looked to your left which is west, and you saw 10 feet beyond the west edge of South Glenwood?

A. That is right.

Q. And you then—you continued across at the same speed?

A. Yes.

Q. You didn't look back to the west until after you heard a horn, did you?

A. That is right.

Q. At that time the automobile of the defendant was just about to hit you, wasn't it?

A. Not quite; she still had some distance to go.

Q. She had two or three feet?

A. At least.

And later in the cross examination, this witness testified as follows:

Q. I just ask you. You didn't see her, did you?

A. No I didn't.

The State Highway Policeman, Joseph G. Sanders didn't see the collision but arrived there shortly afterwards. He talked with both Grace L. Lum and Russell Lowe. His testimony as to his conversation with the parties was as follows:

Q. Did you talk to Mrs. Lum following the accident?

A. Yes sir, I did.

Q. What was her state? I mean her condition at that time?

151

A. Well, she was real excited as result of just having been in an accident, which is quite normal for persons involved in an accident; and I took the information as she described it; she saw this car at the last minute and tried to miss it.

Q. She saw the truck?

A. Yes, she said that at the last minute she saw the truck—seemed to be the story of both parties as near as I can recall, at this time,—that they didn't see one another until just almost just before they hit, at which time it was too late to avoid the collision.

██ ██ ˙ One of the necessary averments in a cause of this character, is that the plaintiffs were in the exercise of due care and caution for their own safety. In Paragraph 7 of the complaint it is averred that the plaintiff and each of them were in the exercise of due care and protection for their own safety and for the safety and protection of the said truck. This allegation is denied in the answer of the defendants. Thus the issue of whether or not the plaintiffs were guilty of contributory negligence is raised. Wherever an issue is made in a case and evidence must be introduced to maintain the issue, controverted questions of fact are involved in the case, which include not only evidentiary facts but ultimate facts, even though there be no conflict in the testimony or the evidence may be agreed upon or embodied in a stipulation of facts. Chicago Title & Trust Co. v. Ward, 319 Ill. 201; Brelie v. Klafter, 336 Ill. 175; Armstrong Paint & Varnish Works v. Continental Can Co., 301 Ill. 102; Dandyline Co. v. Linsk, 295 Ill. 69.

The case of Payette Fruit Packing Co. v. Oregon S. L. R. Co., 180 Ill. App. 253, was a case involving damage to melons. The defendant filed an affidavit denying liability, denying that the plaintiff suffered the damage complained of and denied that if there was any damage sustained that it was the fault of the

defendant. The court in that case said: "These questions were all such as should have been submitted to the jury, and we know of no rule, in such circumstances, which authorizes the court to direct a verdict."

■ Even where there is no dispute in the evidence but where inconsistent conclusions may legitimately be drawn, the question is one for the jury. Panczko for Use of Enright v. Eagle Indemnity Co. of New York, 346 Ill. App. 144; Minters v. Mid-City Management Corp., 331 Ill. App. 64.

"If there be any difference of opinion on the question so that reasonable minds may not arrive at the same conclusion, then the question is one of fact for the jury." Bale v. Chicago Junction Ry. Co., 259 Ill. 476; Chicago Union Traction Co. v. Jacobson, 217 Ill. 404; Louthan v. Chicago City Ry. Co., 198 Ill. App. 329; Kelly v. Chicago City Ry. Co., 283 Ill. 640; Doran v. Boston Store of Chicago, 307 Ill. App. 456.

In the case of Minters v. Mid-City Management Corp., 331 Ill. App. 64, citing Moran v. Gatz, 390 Ill. 478, the court said: "What is negligence or contributory negligence cannot be defined in exact terms. Each case must be determined from its particular facts."

It was held in the case of Wallis v. Villanti, 2 Ill. App.2d 446, that if the matter was a question of fact it was a matter for the jury. In that case the court said: "It has been held in Illinois that unless the evidence is such that all reasonable minds would agree that the defendant was not negligent in his acts, or that the injury complained of was the result of the plaintiff's own negligence, it is a question of fact and not of law." Citing McDonald v. Stiner, 342 Ill. App. 651; Monroe v. Illinois Terminal R. Co., 346 Ill. App. 307.

In the Wallis v. Villanti case, the court held that negligence is a positive wrong and the burden of proving it is upon the party averring it, not upon the

153

defendant to disprove it. And the court in that case held that negligence may be either by commission or omission.

■ The question of contributory negligence is one which is pre-eminently a fact for the consideration of the jury. Monroe v. Illinois Terminal R. Co., 346 Ill. App. 307; Blumb v. Getz, 366 Ill. 273.

■ ■ Applying the law of these cases to the instant case, can it be said as a matter of law that the plaintiff Russell Lowe was not guilty of contributory negligence? We think not. It is true that the defendant offered no evidence. Yet, there was a burden upon the plaintiffs to prove that the driver of the truck was not guilty of contributing to the accident. He admits that he could only see about ten feet west from the intersection when he entered it. He testified that there was loose gravel on the roadway so that when he tried to accelerate his vehicle, he could not. He admits he was driving 20 to 25 miles an hour upon a road surface that had loose gravel on the top or driving surface. He admits that he did not see the car of the defendant Grace L. Lum until it was too late to avoid the accident, and this is borne out by the testimony of the State Highway Policeman. All these admissions, even in the absence of any denial evidence on the part of the defendants, raise a question of fact as to whether or not the plaintiff Russell Lowe contributed to the accident, by failing to exercise due care and caution for his own safety and for the safety of the truck he was driving. These are questions of fact and questions that should have been submitted to a jury. In the opinion of this court, they are not questions that all reasonable minds would agree upon.

For the reasons stated, the judgment is reversed and remanded for a new trial.

Reversed and remanded.