Eva Ryan, Plaintiff-Appellee, v. Goldblatt Bros., Inc., Defendant-Appellant.

Gen. No. 47,864.

First District, First Division.
February 1, 1960.
Released for publication February 24, 1960.

Albert H. Dolin, of Chicago (Bernard Rosencranz, of counsel) for defendant-appellant.

Brooks and Gordon, of Chicago (Gilbert Gordon, of counsel) for plaintiff-appellee.

JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a judgment for $2600 in a personal injury suit. At the close of all the evidence, the trial court directed a verdict for plaintiff on the issue of liability and submitted to the jury the question of damages only. There is no contest as to the amount of the damages, and the only issue before us is whether the court properly directed a verdict on liability.

 Defendant properly contends that the rule applicable to cases in which verdicts are directed for defendants is also applicable to the case of a verdict directed for plaintiff. That rule is that a verdict will not be directed against a party at the close of all the evidence unless that evidence, with all reasonable inferences to be drawn therefrom in the aspect most favorable to that party, fails to support the necessary elements of his case if it is on behalf of a plaintiff, or of the defense offered if it is on behalf of a defendant. In the instant case, defendant did not offer any evidence to disprove the testimony presented by plain-

240

tiff's witnesses, but offered only evidence tending to discredit the plaintiff's testimony which, it says, is sufficient to require that the case go to the jury.

The facts are that plaintiff together with her friend, one Carrie Washington, was concluding a purchase in the basement of defendant's store when a hand truck being pushed by a stock boy employed by defendant ran into plaintiff's ankle. A physician examined her and testified to the ankle injury. Carrie Washington corroborated plaintiff in all substantial respects. Immediately after the accident plaintiff went to see the nurse on duty in the store. This nurse, who was a witness for defendant, checked plaintiff's story and found the stock boy who operated the hand truck described by plaintiff. The boy was not employed by defendant at the time of the trial, and defendant did not produce him. The nurse also testified that she observed a swelling of plaintiff's ankle.

In addition to the nurse whom we have mentioned, defendant produced one Edwin Karkocki, an investigator for the CTA. It appears that some time after the accident in defendant's store, plaintiff was a passenger on a CTA train. The coach in which she was riding caught fire and in the confusion that followed, plaintiff was injured. She was asked by the investigator whether she had had any prior accidents, and she answered no. When the investigator submitted a written statement to her, however, she refused to sign it. The fact that the accident in defendant's store actually occurred is established by the testimony of Carrie Washington, by the nurse who checked plaintiff's story, and by the physicians who saw plaintiff's injuries. This is so conclusive that no weight can be given to the negative answer plaintiff made to Karkocki's question.

The testimony of a hotel employee was presented to discredit plaintiff on her work record, and we may

241

assume that the jury took that into account in arriving at the amount of the verdict. It does not affect the case of plaintiff so far as the occurrence itself is concerned.

Defendant contends that plaintiff and the witness Carrie Washington were inconsistent and gave contradictory statements. They were on relatively trivial and unimportant matters, such as a precise description of the cart. Carrie Washington frankly stated that she was a friend of plaintiff; that plaintiff should win her case, and that she wanted to see her win. She had no interest in the outcome of the case, however, and her testimony could not be disregarded.

██ ██ It is proper for a court to direct a verdict for a plaintiff on the issue of liability at the close of all the evidence when the plaintiff has made out a case and there is no evidence contradicting or tending to contradict the plaintiff's evidence on that issue. Thompson v. Fidelity & Casualty Co. of New York, 16 Ill.App.2d 159, 148 N.E.2d 9 (1958), cert. den. 358 U. S. 837 (1958); Independent Oil Men's Ass'n v. Fort Dearborn Nat. Bank, 311 Ill. 278, 142 N. E. 458 (1924); Jerke v. Delmont State Bank, 54 S. D. 446, 223 N. W. 585 (1929); 9 Wigmore, Evidence, sec. 2495(b), (1940) pages 305-6. There are cases such as those involving a collision at an intersection, where the circumstances under which the accident occurs makes the question one of fact for a jury, even though no evidence is offered by the defendant. Such a case is Genck v. McGeath, 9 Ill.App.2d 145, 132 N.E.2d 437 (1956), cited by defendant. The other cases cited by defendant do not appear to us to have any persuasion in the circumstances of the instant case.

Judgment affirmed.

DEMPSEY, P. J. and McCORMICK, J., concur.