Pauline Latsis, Plaintiff-Appellant, v. Julia M. Walsh, d/b/a Walsh's Cocktail Lounge, Nate Levin, Mary Matimore, d/b/a 2 Deuces Tavern, and Andre Flood, Defendants-Appellees.

Gen. No. 48,034.

First District, First Division.

November 14, 1960.

Joseph Barbera, of Chicago (John W. Schelthoff and Charles D. Snewind, of counsel) for appellant.

Heineke, Conklin & Schrader, and Morris, Liss, Arnold & Hennessy, all of Chicago (Paul H. Heineke, Ralph Miller, and William L. Arnold, of counsel) for appellees Mary Matimore and Julia M. Walsh.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is a dram shop action with verdict and judgment in favor of the defendants. Plaintiff has appealed.

Plaintiff's nose was injured when she was struck in an altercation between a husband and wife with whom she had been sitting at the bar of a Chicago tavern. The plaintiff contends that the verdict is against the manifest weight of evidence on the issues whether the person whose blow struck her was intoxicated at the time and whether plaintiff "was guilty of complicity in procuring his intoxication." She also contends that she was prejudiced at the trial in the giving of two instructions and by the jury argument of an attorney for defendants.

██ We see no merit in the first contention. The jury could have found on the evidence, though denied by her, that plaintiff bought drinks for the person who struck her before she was struck. And there was ample evidence otherwise to sustain the verdict.

██ The trial court in one peremptory instruction tried to "settle the degree of intoxication necessary to liability." This was error. Shea v. LaCost, 16 Ill.App. 2d 454, 460, 148 N.E.2d 484 (1958); Schwehr v. Badalamenti, 14 Ill.App.2d 128, 133–34, 143 N.E.2d 558 (1957); People v. Rewland, 335 Ill. 432, 436, 167 N. E. 10 (1929). In another peremptory instruction there was imposed on plaintiff as an element of her burden of proof, "that

93

the plaintiff did not participate in procuring the intoxication" of the person who struck her. This is not the law and the giving of the instruction was error. Adkins v. Williams, 330 Ill. App. 427, 71 N.E.2d 210 (1947); Darby v. Donahue, 3 Ill.App.2d 112, 120 N.E.2d 381 (1954); Danhof v. Osborne, 10 Ill.App.2d 529, 552, 135 N.E.2d 492 (1956), rev'd on other grounds, 11 Ill.2d 77 (1957); 25 ILP, Liquor, Sec. 167 (1953).

■ There seems to be a trend away from the strict rule requiring reversing judgments for erroneous instructions. Duffy v. Cortesi, 2 Ill.2d 511, 119 N.E.2d 241 (1954); Bunton v. Illinois Cent. R. Co., 15 Ill.App. 2d 311, 329, 146 N.E.2d 205 (1957); Kavanaugh v. Washburn, 320 Ill. App. 250, 255, 50 N.E.2d 761 (1943); Palmer v. Miller, 310 Ill. App. 582, 595–96, 35 N.E.2d 104 (1941).

■ In Duffy v. Cortesi our Supreme Court applied to a peremptory instruction, a rule which it cited with respect to general considerations of non-peremptory instructions. We think the Court implied that an erroneous peremptory instruction need not require reversal if the record affirmatively shows the error was not prejudicial and could not have misled the jury. The Court cited Anderson v. Brown, 340 Ill. App. 613, 92 N.E.2d 495 (1950) to the rule it applied and while in that case the rule was applied to a non-peremptory instruction, the court there cited for the rule the authority of Westinghouse Elec. Elevator Co. v. LaSalle Monroe Bldg. Corp., 326 Ill. App. 598, 63 N.E.2d 411 (1945).

In the Westinghouse case this court considered complaints against the trial courts' refusal to give peremptory and non-peremptory instructions which had been offered. It found no error in the refusal to give the instructions and supported its ruling by a quotation which stated "one test" of prejudice in instructions is

that if, "the result . . . is correct the error is not reversible."

■ We are of the opinion that despite the fact that these instructions were seriously erroneous we are not required, for that reason alone, to find that they were prejudicially erroneous so as to necessitate reversal. We think even the uncontroverted testimony of the circumstances before and at the time of plaintiff's injury would not support a verdict for plaintiff and that the record in this case shows affirmatively that the jury was not misled. The jury could not reasonably have returned any other verdict than that of not guilty because the uncontroverted testimony showed conclusively that plaintiff was a "willing party" not entitled to recover. James v. Wicker, 309 Ill. App. 397, 405–06, 33 N.E.2d 169 (1941).

Finally, we find no merit in the contention that plaintiff was prejudiced by the argument of a defendant's attorney.

For the reasons given, the judgment is affirmed.

Affirmed.

BURMAN and MURPHY, JJ., concur.