Jack C. Caughron, Betty Caughron, James Caughron, and Connie Caughron, Minors, by Betty Caughron, Mother and Next Friend, Plaintiffs-Appellants, v. Henry Welnicki, Individually, and as Parent and Guardian of Bylle L. Welnicki, a Minor, and Bylle L. Welnicki, Defendants-Appellees.

Gen. No. 52,402.

First District, First Division.

April 22, 1968.

Edward J. Bieg, of Chicago, for appellants.

C. William Busse, Pretzel, Stouffer, Nolan & Rooney, of Chicago (Joseph B. Lederleitner, of counsel), for appellees.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

Plaintiffs filed a complaint for personal injuries. Defendant, Henry Welnicki, was dismissed and the case went to the jury only as to defendant, Bylle Welnicki. The jury found for defendant and judgment was entered on the verdicts. Upon the denial of the post-trial motions, this appeal was taken.

The plaintiffs' sole contention, on appeal, is that the court erred in refusing to grant their motion for a new trial. That motion called to the court's attention the fact that instruction D–7 had misstated IPI 21.03, which instruction D–7 had been intended to state verbatim.

A motion in this court by defendant to dismiss the instant appeal was taken with the case. The grounds advanced by defendant in support of his motion are that plaintiffs' brief contains numerous statements and arguments of what purports to be facts, but which are, in reality, facts dehors the record because there is no transcript of trial proceedings upon which to be able to state or argue any trial facts or evidence; that plaintiffs' brief violates Supreme Court Rule 341 (e) (6) in that it does not contain appropriate references to the pages of the record; and that the brief contains only plaintiffs' counsel's recollection of what occurred at trial and does not contain facts present in the record. We find much merit in these contentions of defendant; however, our holding in this case makes it unnecessary for us to pass on his motion.

■ We have not been presented, in the record, with a report of the trial proceedings, nor have plaintiffs abstracted for our consideration that portion of the conference settling jury instructions wherein they objected to the giving of the instruction which is now attacked on appeal. Supreme Court Rule 239 provides:

> (b) . . . Counsel may object at the conference on instructions to any instruction . . . and the court

119

shall rule on these objections . . . The grounds of the objections shall be particularly specified.

(c) . . . All objections made at the conference and the rulings thereon shall be shown in the report of proceedings.

We have no way of knowing whether any specific objection was made to the instruction now complained of, or if made, the ruling of the court thereon. Nor do we have the benefit of reviewing the other instructions given to the jury. Plaintiffs have failed to abstract the conference on instructions. The alleged objection to the particular instruction in question and the claimed error of the trial court in giving the instruction is not presented to us for review. Backlund v. Thomas, 40 Ill App2d 8, 189 NE2d 682; People ex rel. Rogers v. City of Park Ridge, 86 Ill App2d 82, 230 NE2d 289.

We have, however, examined the instruction itself. The relevant portion of the instruction in question reads as follows: "If, on the other hand, you find from your consideration of all of the evidence that any one of the propositions the plaintiff is required to prove has not been proved, *or that any one of the defendant's affirmative defenses has not been proved, then your verdict should be for the defendant.*" (Emphasis added.) IPI 21.03, which the foregoing instruction was supposed to state exactly, ends with the charge, ". . . or that any one of the defendant's affirmative defenses *has been proved,* then your verdict should be for the defendant." (Emphasis added.)

■ Considering the D–7 instruction in its entirety, however, we find that it twice told the jury that the burden of proving an affirmative defense was upon the defendant, and although the word "not" contained in the last paragraph was in error, when the entire instruction is considered and the error is taken in context we

conclude that it could not have misled the jury. In Ankney v. Myroth, 32 Ill App2d 173, 177 NE2d 6, cited by plaintiffs, the court ruled that even the giving of an erroneous peremptory instruction did not necessarily constitute reversible error. The instruction given in the instant case constitutes, in our opinion, a harmless error which could neither have misled the jury nor prejudiced the plaintiffs.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

ADESKO and MURPHY, JJ., concur.